# Wright *v*. Waller.

*Action of Assumpsit.*

127   557|
129   470

1. *Contracts; avoidance thereof on ground of drunkenness.*—Where drunkenness is relied on as a ground for the avoidance of a contract, it must be shown that at the time of making the contract the obligor's intoxication incapicitated him from exercising his judgment, and he was so drunk that his reason was dethroned, and he was absolutely incapable of understanding what he was doing, or the consequences of his own act.

2. *Same; same; charge to the jury.*—In an action upon a contract, where the defendant seeks to avoid the contract on the ground that he was intoxicated when he signed it, a charge is erroneous and properly refused which instructs the jury that "if the defendant was so much under the influence of strong drink, or intoxicating liquor, that his reason was dethroned to an extent that he could not give that attention to the signing of the note that a reasonably prudent man would be able to give, then the note would be void."

3. *Same; same; same.*—In an action upon a contract, where the defendant seeks to avoid the contract on the ground that he was intoxicated when he signed it, a charge is erroneous and properly refused which instructs the jury that "if the jury find from the evidence that the defendant signed the note

under such intoxication that he could not give proper attention to it, then the note is not evidence in the case, but void."

APPEAL from the Circuit Court of Lee.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by the appellant, W. W. Wright, against the appellee, J. E. Waller; and counted upon a written contract for rent. The fact of the case, so far as they are necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the giving by the court of the portion of the general charge to which exceptions were reserved, the giving of the written charge requested by the defendant, and the rendering of judgment in favor of the defendant.

BARNES & DUKE, for appellant.—"In this country, a contract entered into by a person who is so drunk as not to know what he is doing, is voidable only, and not void."—Carpenter v. Rogers, 61 Mich. 384; 1 Amer. St. Rep. 595; Story on Sales, § 15; Benjamin on Sales, § 43; Bishop on Contracts, § 304; Caulkins v. Fry, 35 Conn. 170; VanWyck v. Brasher, 81 N. Y. 260; Warnock v. Campbell, 25 N. J. Equity, 485; French v. French, 8 Ohio, 214; 31 Amer. Dec. 441; Dulancy v. Green, 4 Harr. (Del.), 285; Cummings v. Henry, 10 Ind. 109; Reynolds v. Waller, 1 Wash. (Va.), 164; Menkins v. Lightner, 18 Ill. 282; Taylor v. Patrick, 1 Bibb, 168; Broadwater v. Darne, 10 Mo. 277; Hutchinson v. Brown, 1 Clarke Ch. 408; Story on Contracts, 27, 28; Chitty on Contracts, 153, 154; Joest v. Williams, 42 Ind. 565; 13 Amer. Rep. 377.

"To render the transaction voidable, he who sets up intoxication as defense, should have been so drunk as to have drowned reason, memory and judgment, and impaired his mental faculties to an extent that would render him *non compos mentis* for the time being, especially where there is no pretense that any person connected

with the transaction aided in or porcured his drunkenness."—11 Amer. & Eng. Encyc. of Law, (1st ed.), 775; *Bates v. Ball,* 72 Ill. 108; *Birdsong v. Birdsong,* 2 Head (Tenn.), 289.

C. A. L. SAMFORD and W. H. THOMAS, *contra,* cited *Holland v. Barnes,* 53 Ala. 88; *Hale v. Brown,* 11 Ala. 87; *McDonald v. Posey,* 13 Ala. 767.

McCLELLAN, C. J.—This is an action by Wright against Waller on a contract in writing signed by the latter to pay rent. Defendant sought to avoid the contract on the ground that he was intoxicated when he signed it. There was evidence tending to show that defendant was in a state "of complete drunkenness, dethroning reason, when he signed the paper," and on the other hand there was evidence tending to show that he was not drunk at the time. There was no evidence that plaintiff had anything to do with bringing about defendant's intoxicated condition if he was intoxicated, nor that defendant's mind was impaired by habitual drunkenness, nor that the contract was in itself unconscionable or unfair. On this state of the case the court, in its general charge, said: "If the defendant was so much under the influence of strong drink, or intoxicating liquor, that his reason was dethroned to an extent that he could not give that attention to the signing of the note that a reasonably prudent man would be able to give, then the note would be void." And at the request of the defendant the court gave the following charge: "If the jury find from the evidence that the defendant signed the note under such intoxication that he could not give proper attention to it, then the note is not evidence in the case, but void." To each of these instructions, the plaintiff excepted, and their soundness *vel non* is the question presented on this appeal.

On this question as to the degree of intoxication necessary to an avoidance of contracts, the following are some of the statements of the governing principle applicable to cases like this found in the authorities: "* * * Intoxication so deep as to take away the

agreeing mind,—in other words, to disqualify the mind
to comprehend the subject of the contract and its na-
ture and probable consequences,—impairs such contract
if made while its lasts, the same as insanity. But mere
drunkenness, or being a drunkard, or simply being
drunk at the time, where the intoxication does not ex-
tend to the degree thus stated, will not impair the con-
tract. To have this effect it must render the party *non
compos mentis* for the occasion."—Bishop on Contracts,
§§ 980, 981. "The contract of a drunken person is void-
able at his option, if it can be shown that at the time
of making the contract he was absolutely incapable of
understanding what he was doing."—Anson on Con-
tracts, p. 150. "An express contract entered into when
the obligor is in a state of intoxication so as to deprive
him of the exercise of his understanding, is voidable."
11 Am. & Eng. Ency. Law, p. 773. Drunkenness must
"be such as to incapacitate the party from the proper
exercise of his judgment, and prevent him from under-
standing his contract."—Story on Contracts, p. 15. "A
*drunkard* when in a complete state of intoxication, so
as not to know what he is doing has no capacity to con-
tract."—1 Benj. on Sales, § 33. "It is evident that
drunkenness when it goes so far as to absolutely destroy
the reason, renders a person in this state, so long as
it continues, incapable of contracting, since it renders
him incapable of consent."—1 Pothier on Contracts,
29. "Where a party, when he enters into a contract, is
in such a state of drunkenness as not to know what he
is doing, his contract is wholly void,"—i. e. if he elects
to avoid it.—1 Chitty on Contracts, 192. "Drunkenness
is a species of insanity; but the law is not quite clear re-
specting this disability. Perhaps it stands thus: One
cannot defend by proving his drunkenness, unless he
can show that the drunkenness was known to the payee
and taken advantage of by him; or that it was com-
plete and suspended all use of the mind at the time."
1 Par. Notes & Bills, 151. Intoxication "to the extent
only that the party did not clearly understand the
business" in hand "is not enough to render the contract
voidable or void."—*Henry v. Ritenour*, 31 Ind. 136. "It

[Wright v. Waller.]

is also urged that the plaintiff in error is not bound by the transaction, because he was drunk at the time he assigned the note. We think the evidence shows that he was at the time drunk. But he was manifestly not so drunk but he knew what he was engaged in at the time. He, on the trial, testified to the circumstances attending the transaction. He says he took out the note and threw it down, and told them to take it, and that they had better take his clothes. Had he been so drunk as to render the assignment void, he could not have known or remembered what he did. To render the transaction voidable, he should have been so drunk as to have drowned reason, memory and judgment, and impaired his mental faculties to an extent that would render him *non compos mentis* for the time being." *Bates v. Ball,* 72 Ill. 108, 111. "Drunkenness, to afford a ground for avoiding a contract, must be so excessive as to render the person incapable of consent, or, for the time to incapacitate him from exercising his judgment."—*Reynolds v. Dechaums,* 24 Tex. 174. A contract executed by an intoxicated person is valid if "he is aware of what he is doing, and is not deceived as to the identity of the paper signed."—*Miller v. Finley,* 26 Mich. 249. "Where a party seeks to avoid an express contract on the ground that he was intoxicated at the time he entered into it, it is incumbent on him to produce clear and satisfactory proof that he was *at the time* in such a state of drunkenness as not to know what he was doing, or the consequences of his own acts." *Johns v. Fritchey,* 39 Md. 258. "A contract made by a person while he is so drunk as to be incapable of understanding its nature and effect is voidable," * * * but his intoxication "must be so excessive as to render him incapable of knowing what he is doing."—Clark on Contracts, pp. 274-5.

The foregoing texts and adjudications clearly declare and thoroughly establish the modern doctrine on this subject; departing from the ancient rule, which forbade a party to a contract to stultify himself by setting up his want of mental capacity to enter into it, to the extent and only to the extent of allowing him to show in avoidance that from insanity, drunkenness and the like he was in-

capable of exercising judgment, understanding and proposed engagement and of knowing what he was about when he entered into the contract sought to be avoided. It is plain that the rule given in charge to the jury by the trial court in this case is a radical departure from the established and true rule obtaining in all such cases. One may well be unable from intoxication to give "proper attention" to a transaction and yet know what the transaction involves and be capable of understanding the terms and effect of a contract issuing out of it, so as to be as fully bound by it as if he was under no degree of intoxication. The charge given at defendant's request should, therefore, have been refused. The instruction given by the court *ex mero motu* is even more patently erroneous. Many perfectly sane and sober men could not bind themselves by contract at all if the rule laid down there is a sound one. . The law does not gauge contractual competency by the standard of mental capacity possessed by reasonably prudent men. A man is not incapacitated because of intellectual limitations arising from intoxication or what not which prevent him from giving to a proposed contract all the consideration that a reasonably prudent man would be able to give it. Indeed, that test has no relation to mental capacity. Competency to contract may well exist in as high a degree in a reckless, careless man as in one of the highest prudence and care; and the inability of the former to give a certain degree of attention to a business matter results not from mental incapacity to know and understand the matter in hand but from indifference as to it or his habit or disposition to drunkenness. And one may sufficiently understand a contract and the nature and effect of his entering into it to be fully bound by it though he be capable of only a very much less consideration of it than would be bestowed by a man of ordinary prudence.

The cases of *Hall v. Brown,* (11 Ala. 87), and *Holland v. Barnes,* (53 Ala. 88), relied upon for appellee, involved other considerations than the drunkenness of the party seeking to avoid a contract—overreaching by

the other party, unfair and unconscionable contracts, etc., etc.—and they have no application to the present case.

Reversed and remanded.