# Kelly *v.* L. & N. R. R. Company.

*Action for Damages for Personal Injury.*

(Decided Feb. 6, 1908.   45 South. 906.)

1. *Negligence; Pleas; Insufficiency.*—Pleas of contributory negligence, whether sufficient in form or not, are insufficient as answers to counts charging willful or wanton misconduct.

2. *Release; Pleadings, Issue and Proof.*—The replications to the pleas of release not denying the execution of the release but setting up merely plaintiff's incapacity at the time of the execution is not governed by section 1802, Code 1896.

3. *Contracts; Avoidance; Incapacity of Party.*—If one desires to avoid a contract executed while incapacitated by drunkenness or otherwise he must act promptly and unreservedly and return whatever has been received under it.

4. *Release; Personal Injury; Avoidance; Tender of Re-payment.*— Although it was unnecesary that repayment be made before suit was brought if the party executing the release did not know of the release until the plea was filed, yet his replication setting up his incapacity to execute the release at the time of its execution should have offered to put the defendant in statu quo.

5. *Same; Time for Pleading.*—Where the plea of release in the first trial informed plaintiff of its existence and execution, which he attempted to avoid by replying intoxication at the time of its execution he could not wait three years after such knowledge and then attempt to avoid the release and rescind the contract by offering to repay the money when the cause came up for trial a second time.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Personal injury action by Michael Kelly against the Louisville & Nashville Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

This is the second appeal in this case. The former appeal will be found reported in 148 Ala. 143, 41 South. 870. The action was for damages for personal injury. The amended complaint consisted of seven counts. The first and second counts were based upon the negligence of a person in the service or employment of defendant, whose name was unknown to plaintiff, and who had charge or control of a locomotive upon a railway, and negligently caused the cars upon which plaintiff was at work to be moved. Count 3 is the same as 1 and 2, except it is alleged that the person had charge or control of a train on a railway. Count 4 is upon the negligence of a person in the service or employment of the defendant, name unknown, who had superintendence intrusted to him, and whilst in the exercise of such superintendence negligently caused the cars upon which plaintiff was at work to be moved. Count 5 is the same as 1 and 2, except that it counts upon the willful or intentional

negligence of such person.  Count 6 is the same as 3,
except that it counts upon the willful, wanton, or inten-
tional negligence of such person.  Count 7 is the same as
count 4, except that it is for willful injury.  Demurrers
were interposed to each count of the complaint, and
overruled.  The defendant filed amended pleas 2 and
4, which purported to be answers to each count of the
complaint, severally and separately.  These pleas were
pleas of contributory negligence.  Demurrers were in-
terposed to them, among other things, on the grounds
that they were no answers to the willful or wanton
counts in the complaint, which demurrers were over-
ruled.  The third plea sets up a release, and in the plea
sets out the contract, the substance of which is that
Kelly for the sum of $300 released, compromised, ad-
justed, and settled the claim he had against the Louis-
ville & Nashville Railroad Company for injuries received
by him under circumstances which he claimed rendered
the road liable to him in damages, and the plea avers
that said sum was paid him and said release was signed,
and that the injuries now sought to be recovered for are
the identical injuries for which said settlement was
made.

By way of answer to defendant's third plea setting up
the release, plaintiff filed the following replication:
"Replication 3.  For further answer to defendant's third
plea plaintiff avers that at the time the release alleged
in said plea is averred to have been made by him he was
in such a state of intoxication as to render him uncon-
scious of any act committed by him while in such state,
and incompetent to determine the contents of said re-
lease, and he did not know the contents of the same, nor
has he any knowledge of ever having signed the same, or
of having received any money from the defendant or its
agents in settlement of said claim for damages.  The

plaintiff hereby tenders to defendant in open court the sum of $396, the amount claimed to have been paid the plaintiff, with interest, under the release alleged in the third plea of the defendant, and the defendant refuses to accept the same. Plaintiff makes oath that this replication is true." This replication is sworn to and subscribed before a notary public. The injuries are alleged to have occurred on July 19, 1903, and the suit was begun October 13, 1903, and the replication was filed May 10, 1907. Demurrers were interposed to it, setting up that the replication did not deny the execution of the release, and that it appeared therefrom that tender was not made before the bringing of the plaintiff's suit, and that it further appeared that the tender was not made until May 10, 1907, and that it seeks both to deny and to affirm the execution of the release. The date of the release is set forth in the plea as the 5th day of October, 1903.

DENSON & DENSON, for appellant. No brief came to the Reporter.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The 2nd and 4th plea was entirely sufficient.—*A. G. S. R. R. Co. v. Roach,* 110 Ala. 218; s. c. 116 Ala. 360. The replications were subject to demurrer because not verified.—Sec. 1802, Code 1896; *Winston v. Moffatt,* 9 Port. 518; *Milligan v. Pollard,* 112 Ala. 465. Incapacity to contract by reason of drunkenness renders the contract voidable only, and the replication should have set up its rescission and offer of restoral of the amount received under it.—*Oakley v. Shelly,* 129 Ala. 407; *Carpenter v. Rodgers,* 1 Am. St. Rep. 596; *Wright v. Waller,* 127 Ala. 560; 11 A. & E. Ency. of Law, 773; *Harrison v. Ala. Mid.* 40 South. 394; *Stevenson v. Allison,* 123 Ala. 447. The replications are also demurrable for failing to deny

that the release was properly executed. Tender unaccompanied by payment of the money tendered into court is insufficient.—*Commercial F. Ins. Co. v. Allen*, 80 Ala. 578; *Frank v. Pickens*, 69 Ala. 369; *Park v. Wiley*, 67 Ala. 310. The replications insufficiently show that the plaintiff was in such a state of intoxication as to have been incompetent to contract.—*Wright v. Waller, supra.*

ANDERSON, J.—It appears that a demurrer was sustained to pleas 2 and 4, and which went to each count of the complaint. It also appears that said pleas were amended and refiled; but the amendment in no way confined the pleas to any particular counts, as they undertake, after amendment, as they did when originally filed, to answer each count of the complaint. The only amendment we find to the complaint was to add additional counts. There is nothing in the record to show that the wanton counts were ever stricken out. Pleas 2 and 4, whether sufficient as pleas of contributory negligence or not, were not answers to the wanton counts of the complaint, and the demurrers, proceeding upon this theory, should have been sustained. Plaintiff adopted all grounds of demurrers previously filed, and refiled with other grounds to pleas 2 and 4 as amended. The trial court erred in not sustaining the demurrers to these pleas, in so far as they attempted to answer the wanton counts.

If the release as set up in the third plea came within the influence of section 1802 of the Code of 1896, and its execution could be questioned only by a sworn replication, said section has no application to the plaintiff's replications in the case at bar, as they did not deny the execution of the release. They simply set up the incapacity of the plaintiff at the time of the alleged execution. "Unlike general and permanent insanity and ido-

37 R

cy, drunkenness does not create such legal incapacity as will alone render a contract wholly void. Though it may furnish the party suffering from it ground for rescission, yet, being voidable only, the contract may be affirmed and made binding by him after he becomes sober."—*Oakley v. Shelley,* 129 Ala. 470, 29 South. 385; Benj. on Sales, § 33; *Carpenter v. Rodgers,* 61 Mich. 384, 28 N. W. 156, 1 Am. St. Rep. 595; *Van Wyck v. Brasher,* 81 N. Y. 260; *Wright v. Waller,* 127 Ala. 557, 29 South. 57, 54 L. R. A. 440. If the party, after becoming sober and realizing the execution by him of a contract while incapacitated by drunkenness, desires to avoid the same, he must act promptly and unreservedly, and must return whatever he has received from it. "He cannot hold onto such part of the contract as may be desirable on his part, and avoid the residue, but must rescind in toto, if at all."—*Wright v. Waller, supra; Stephenson v. Allison,* 123 Ala. 439, 26 South. 290.

The second replication to the third plea did not deny the execution of the release or the receipt of the money alleged to have been paid for same, but merely set up that plaintiff had no knowledge of same. Not denying the receipt of the money, it was incumbent upon him to restore it, or offer to do so, upon being informed that he had received it. The defendant's third plea so informed him, and his replication should have offered to put the defendant in statu quo. The case of *Western R. R. v. Arnett,* 137 Ala. 426, 34 South. 997, is not an authority against this holding. There the $25 was set up in the replication as a gift by the defendant to the plaintiff. If it was a gift, and not the consideration for the release, the plaintiff was under no legal obligation to restore same. While the second replication was bad for not showing a tender or offer to tender the sum paid under the release, and the receipt of which was not de-

nied by the plaintiff, it was not subject to the grounds of demurrer interposed to same. The fourth ground is the only one which raises a failure on the part of the plaintiff to return the money, but challenges the second replication to the third plea for failing to aver a tender before the suit was brought. The replication averring that the plaintiff had no knowledge of the release or the payment of the money, it was not necessary for the plaintiff to aver a tender until put upon notice by defendant's third plea. So, conceding that the plaintiff should have offered to repay the money, he did not have to do so before the suit was brought, if he did not know of the release until the plea was filed, and the replication was not subject to the grounds of demurrer interposed to same, and the trial court erred in sustaining the demurrer thereto.

The third and fourth replications to the third plea averred a tender and refusal by the defendant at the time of filing same, which was May 10, 1907, and really three years after the third plea was filed, and which was not denied by any of the replications, and which said tender was not made until after the case was once tried in the lower court and was reversed by this court. The plaintiff, having been informed of the release, could not sit quietly by for years and speculate on the result, and then attempt to rescind by offering to repay the money when the case came up for trial the second time in the lower court.—*Harrison v. Ala. Midland R. R.*, 144 Ala. 256, 40 South. 394. The trial court properly sustained the demurrers to replications 3 and 4.

For the errors above designated, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.