# Birmingham Railway, Light & Power Co. v. Jordan.

*Injury to passenger.*

(Decided Dec. 22, 1910. 54 South. 280.)

1. *Carriers; Passengers; Complaint.*—Where the complaint is for injury to passenger and it describes how she was injured, alleging negligence generally, the plaintiff could show any actionable negligence on the part of the carrier.

2. *Same.*—Where the complaint alleges a severe shock, concussion or explosion on the car, causing another person to fall against plaintiff, resulting in the stated injury as a proximate cause of defendant's negligence in carrying him, it sufficiently alleges negligence on the part of the carrier.

3. *Contracts; Signing Without Reading; Effect.*—In the absence of fraud or misrepresentation, one who can, but does not, read an instrument cannot avoid the effect of his signature because he does not know the contents thereof; but where fraud or misrepresentation intervenes, it is immaterial that he had an opportunity to read the contract.

4. *Same; Rescission; Fraud.*—Rescission of contract for fraud, must occur on discovery of the fraud.

5. *Same; Rescission; Fraud.*—One seeking to rescind a contract for fraud must return what he has received under it, both at law and in equity.

6. *Release; Disaffirmance; Return of Benefit.*—One cannot disaffirm a release of a claim for damages for an injury in an accident without returning the money received thereunder, although asserting that the release covered a claim for money lost in the accident and not for the personal injury sued on.

7. *Same; Sufficiency of Replication.*—Where a plea sets up a release of a claim sued on, a replication thereto alleging that the release was obtained by fraud is bad if it does not aver return of the money received under the release within a reasonable time after discovering the fraud; but a tender with the replication is proper if the fraud was not known before the plea was filed.

8. *Same; Disaffirmance; Grounds.*—In the absence of fraud or misrepresentation inducing it, a release is binding though given under an honest mistake as to its terms.

9. *Same; Execution;. Burden of Proof.*—Where defendant sets up a release of the claim sued on, and the release is disputed, the defendant has the burden of showing its execution.

10. *Same; Misrepresentation; Burden of Proof.*—Where the defendant makes proof of the release of claim sued on, the plaintiff has the burden of showing that it was obtained by misrepresentation or fraud.

11. *Charge of Court; Assuming Facts.*—A charge asserting that a release was binding unless plaintiff was induced to sign through fraud or misrepresentation was not erroneous as assuming that plaintiff signed.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Ida Jordan against the Birmingham Railway, Light & Power Company for damages for injury to her while a passenger. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The first count of the complaint, as amended, was as follows: "Plaintiff claims of defendant $5,000 as damages, for that heretofore, to wit, on the 5th day of August, 1907, defendant was a common carrier of passengers by means of a car operated by electricity upon a railway known as the 'East Lake Line,; that on said day, while plaintiff was a passenger on said car, being carried by defendant as its passenger on said car, and was defendant's passenger, and said car was at a point on said railway, to wit, at or near Twenty-First street and First avenue, in or near Birmingham, Alabama, a severe shock, concussion, or explosion occurred on said car, and as a consequence thereof another or other passenger or person ran or fell upon or against plaintiff, and plaintiff was thrown or caused to fall. (Here follows the catalogue of injuries.) Plaintiff alleges that she suffered said injuries and damages by reason of, and as a proximate consequence thereof, the negligence of the

defendant in and about carrying plaintiff as a passenger on the occasion aforesaid."

The pleas were the general issue, and two pleas setting up the fact that on August 6, 1907, plaintiff, in consideration of the sum of $18.25 paid her by the defendant, forever released the defendant from any and all claims for damages because of, or growing out of, the acts complained of in plaintiff's said complaint. In one of the pleas the release is set out in haec verba; and defendant further avers that on or about the 10th day of March, 1909, the defendant informed the plaintiff of the said release, its terms and contents, and that plaintiff has never returned or offered to return the said sum of $18.25.

Plaintiff replied, setting up that the release was not executed by her, or by any one authorized to bind her in the premises. This replication was sworn to. Further replying, plaintiff set up that at the time of the accident she had a considerable amount of money on her person, to wit, $18.25, and that said alleged release in writing was in settlement for the said amount of money which plaintiff had on her person and lost by reason of the accident complained of, and for no other reason; that, although plaintiff could write her name at the time of the alleged execution of the said release, she was suffering greatly as the result of her injuries, and was not able to read the said paper, and did not know its contents, but, on the contrary, at the time of the alleged execution of the said paper, it was explained to plaintiff, by the person who acted on behalf of the defendant in procuring the execution of said paper, that the amount paid plaintiff was in payment of money lost as aforesaid, and for nothing else, and plaintiff so understood the effect of said alleged release, and it was so explained to her by the person securing her signature thereto.

[Birmingham Railway, Light & Power· Co. v. Jordan.]

Demurrers to this replication raised the point discussed in the opinion.

The following charges were refused to the defendant: "(6) The court charges the jury that, before they can find for the plaintiff, they must be reasonably satisfied from the evidence that the plaintiff was induced to sign the said release by the fraud or misrepresentation of the person acting for the defendant at the time of the signing of the said release. (7) The court charges the jury that, even if they believe from the evidence that plaintiff, Ida Jordan, was honestly mistaken about the terms of the release, still the court charges the jury they cannot find for the plaintiff, unless the jury are further reasonably satisfied from the evidence that plaintiff was caused to sign the said release by reason of the fraud or misrepresentation of the person acting for the defendant."

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellant. The complaint was subject to the demurrer interposed.—*B. R. L. & P. Co. v. Weather,* 51 So. 303. The court was in error in overruling demurrers to plaintiff's replication No. 3 to defendant's third plea.—*Beck's Case,* 104 Ala. 506; *Bank of Guntersville v. Webb,* 108 Ala. 137; *Harrison's Case,* 144 Ala. 256; *Kelly v. L. & N.,* 154 Ala. 576; *B. R. L. & P. Co. v. Hinton,* 48 So. 546. The same is true of the 3rd replication to defendant's 4th plea. The court erred in refusing to give charges 6 and 7 requested by defendant. —1 Page on Contracts, p. 57, and authorities supra. Counsel discuss the action of the court in overruling motion for new trial, but without citation of authority.

BOWMAN, HARSH & BEDDOW, and F. D. NABORS, for appellee. The court properly overruled demurrers to

the complaint.—1 Chitty on Pleading, 413. The court did not err in sustaining demurrers to the replication. —*Western Ry. of Ala. v. Arndt,* 137 Ala. 425; *B. R. L. & P. Co. v. Hinton,* 48 So. 546. Counsel discuss and criticise the cases cited by appellant as to this proposition. Where charges are given in substance they do not have to be repeated.—*Ala. S. & W. Co. v. Tallant,* 51 So. 836; *T. C. I. & R. R. Co. v. Garrett,* 37 So. 355. Counsel discuss other assignments of error, but without further citation of authority.

ANDERSON, J.—The stating part of the complaint (count 1 as amended) merely sets out the relationship of the parties and what happened to the plaintiff, and not what was done or omitted by the defendant as proximately causing the injury. It in no way attempts to set up the quo modo as was done in the case of *Birmingham R. R. v. Weathers,* 164 Ala. 23, 51 So. 303. There the complaint charged that the injuries proximately resulted from the starting of the car, and the court held that, as the plaintiff ascribed injury to a certain cause, to wit, the starting of the car with a jerk or to a sudden increase of speed of same, he should have set up facts showing that it was negligently started with a jerk, or that the sudden increase of speed was the result of negligence, and while the general averment of negligence, in the charging part of the complaint, would under ordinary conditions suffice, that it would not do in said case, as the particular act producing the injury was charged to the defendant; that the plaintiff confined himself to that act or cause and did not rely upon a general negligent failure to safely transport him as a passenger, and he (the plaintiff) was compelled to aver that the act selected by him, as causing his injury, was negligenly done. Here the complaint says that the plaintiff was injured in a certain

way, but does not ascribe it to any particular act or omission of the defendant, and merely' charges negligence generally, and under which any negligence for which the defendant would be answerable in and about carrying the plaintiff as a passenger could be shown. In the *Weathers Case, supra,* while the charging part of the complaint, was general, it previously predicated the injury to the starting of or the increase in the speed of the car, thus charging something not descriptive of what happened to the plaintiff, but what was done by the defendant, and, notwithstanding a subsequent general charge of negligence, the plaintiff was confined to the act or omission, previously designated; that is, the starting of the car with a jerk, or the sudden increase of the speed of same. As the quo modo was attempted, the complainant should have set out facts showing that the car was negligently started with a jerk, or that the sudden increase of speed was negligently caused, thus holding that, while the general averment of negligence would be sufficient in ordinary cases, it would not supply the omission in said case, because, as the plaintiff specified the act, he had to go further and aver facts showing that the acts upon which he relied were negligently done.

We agree with counsel for appellee that this complaint is unlike the one considered in the *Weathers Case,* and was not subject to demurrer, whether said case is or is not sound. Moreover, these "sudden jerk cases" are sui generis, and opinions dealing with them are not always applicable to the ordinary complaint for injuries to passengers.

It is well settled that a person who signs an instrument without reading it, when he can read, cannot, in the absence of fraud, deceit, or misrepresentation, avoid the effect of his signature, because not informed of its

contents; and the same rule would apply to one who cannot read, if he neglects to have it read, or to inquire as to its contents. In such case, ignorance of the contents is attributable to the party's own negligence. "But the rule is otherwise where its execution is obtained by a misrepresentation of its contents; the party signing a paper he did not know he was signing and really did not intend to sign. It is immaterial in the latter aspect of the case that the party signing had an opportunity to read the paper, for he may have been prevented from doing so by the very fact that he trusted to the truth of the representation made by the other party with whom he was dealing."—*Beck Co. v. Houppert*, 104 Ala. 503, 16 South. 522, 53 Am. St. Rep. 77; *Tillis v. Austin*, 117 Ala. 262, 22 South. 975. "He may show as between himself and the party with whom he dealt what the real contract was."—*Bank of Guntersville v. Webb*, 108 Ala. 137, 19 South. 14. Replication 3 to pleas 3 and 4 avers that the contents of the release signed were materially misrepresented to her by the person acting for the defendant, and who procured her signature to same, and shows that she signed the paper believing that it was only a receipt for money she claimed to have lost from her person at the time of the accident. It is also well settled that if a party defrauded would disaffirm the contract, he must do so at the earliest practical moment after discovering the cheat. This is the time to make the election, and it must be done promptly and unreservedly; he must not hesitate, nor can he be allowed to deal with the subject-matter of the contract and afterwards rescind. The election is with him; he may affirm or disaffirm the contract, but he cannot do both; and if he concludes to abide by it, as upon the whole advantageous, he should not afterwards be permitted to question its validity.

[Birmingham Railway, Light & Power Co. v. Jordan.]

The person who would disaffirm a fraudulent contract must return whatever he has received under it. This is on a plain and just principle. He cannot hold on to such part of the contract as may be desirable on his part and avoid the residue, but must rescind in toto, if at all.—*Stephenson v. Allison*, 123 Ala. 439, 26 South. 290. This rule prevails in courts of law as well as equity, and applies to releases like the one in question.—*Harrison v. Ala. Midland R. R. Co.*, 144 Ala. 256, 40 South. 394; *Kelly v. L. & N. R. R. Co.*, 154 Ala. 576, 45 South. 906; *Birmingham R. R. Co. v. Hinton*, 158 Ala. 470, 48 South. 546. While the third replication to the defendant's pleas 3 and 4 is sworn to, it does not deny the execution of the release set up in the pleas. It admits getting the $18.75, the consideration therein expressed for signing the release, and does not deny signing the paper in question, and, construing the replication against the pleader, it must be taken as an admission of the execution of this identical paper, notwithstanding plaintiff may have been misinformed as to its contents. The $18.75 was therefore the consideration for the execution of the paper, whether it was such a paper as the plaintiff intended to sign or not. It was the subject-matter of the release. To permit her to retain the money that she got under the release, and to also repudiate same, would allow her to retain the benefits and reject the burdens. It would allow her to divide or separate the transaction by accepting the favorable part and rejecting what was unfavorable to her. There would be no rescission in toto, no restoration of the status quo, notwithstanding the plaintiff was in a position to do so. It would not do to let her hold the money, and at the same time repudiate the paper, under which she acquired same, by merely claiming that it was paid to her for another purpose, and

notwithstanding her replication in effect, admits that it was the consideration for the release in question. The facts here are unlike the ones considered in the case of *Western R. R. Co. v. Arnett,* 137 Ala. 426, 34 South. 997. There the rejoinder was held bad for failing to aver that the plaintiff knew what the release contained, and a "moreover" clause was added, to the effect that the replication showed that the $25 was a gift. In other words, the replication denied that the $25 was the consideration for signing the paper, but stated that it was a present to the plaintiff, and was given to him as such before anything was said about signing the paper. Here the replication in effect admits that the money was paid the plaintiff to sign the paper, and that she signed same in consideration thereof, and whether the paper was what she intended to sign or not, she cannot repudiate same and retain what she got for signing it. She cannot compel the defendant to litigate with her as to a part of the subject-matter of the release, and at the same time insist on holding to the consideration. The replication was therefore bad for failing to aver that the money was restored or offered to the defendant within a reasonable time after the discovery of the fraud. If she did not know of the fraud until the plea was filed, she should have tendered it with the replication.—*Kelly v. L. & N. R. R. C.,* 154 Ala. 573, 45 South. 906. Moreover, the replication does not aver that the $18.25 was ever received by the defendant, and that the payment of same to her was but the restoration of same or the satisfaction of a debt, so as to separate it from her claim for damages growing out of the breach of duty charged to the defendant. Her claim, in the replication, is that she lost the $18.25 as a result of the stampede caused by the defendant's negligence, and which was an element of

[Birmingham Railway, Light & Power Co. v. Jordan.]

damages sustained by her as a result of the negligence charged, and which was recoverable in this action, if claimed and proven. True, the plaintiff does not set this claim out in her complaint as an element of damages resulting from the defendant's negligence, but the replication sets up that she was entitled to same as a result of losing said money, owing to the negligence charged, and does not aver that the defendant restored it to her because it got the money, or was liable to her in debt or assumpsit. The result is that she holds to the proceeds as satisfaction of part of her damages sustained, and seeks to repudiate the release in so far as it covers other damages resulting from the one wrong. This she cannot do, as she attempts to accept a part of the settlement, and, at the same time, repudiates another part of the same transaction.

Charges 6 and 7, requested by the defendant, should have been given. They assert the law as applicable to the issues and evidence in the case. Nor were they faulty for assuming that plaintiff signed the release. It is true the plea of non est factum put the burden of proof on the defendant to show the execution of the paper. This burden was met by the defendant's witnesses and was not disputed by the plaintiff, as she did not deny signing the identical paper. She may have thought the contents were different, but she does not deny signing same. After the defendant proved the execution of the paper, the burden was on the plaintiff to prove the alleged misrepresentations. Whether or not the error of refusing these charges was cured by the charges given for the defendant, we need not determine, as the case must be reversed for other reasons. It is sufficient to suggest that if there is no material change in the issues or evidence upon the next trial charges 6 and 7 should be given, if requested.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.