### ELLIS SEE v. CARBON BLOCK COAL Co., Appellant.

**Personal injury:** SETTLEMENT: MENTAL CAPACITY: INSTRUCTION.
1 Where the plaintiff testified on the question of his mental capacity to make a settlement for an injury received, that he did not know of the settlement until after commencement of his action for damages, an instruction submitting the issue of mental capacity which stated that if plaintiff did not possess sufficient mental capacity to make the settlement, and had not ratified it, it would not defeat his right of recovery; but that if he accepted the benefits with knowledge of the settlement he could not recover; and that a return or offer to return the amount received while mentally incompetent was not essential to his recovery; and that retention of the same did not amount to ratification unless so. retained after a full understanding of the settlement, was a sufficient submission of the issue, in the absence of any requested instructions on the subject.

**Same:** FRAUD: RESCISSION: CONDITION PRECEDENT. Where a settlement for a personal injury has been procured by fraud the consideration need not be returned or tendered back before suit, and the same rule obtains where the settlement was made with one known to be mentally incompetent; but if the settlement was fairly made with one not known to be incompetent, the consideration, if passed to the complaining party after restoration of his faculties and before suit, must be returned or tendered back, as a condition precedent to suit.

**Appeal:** FAILURE TO ARGUE: WAIVER. A question which is neither presented nor argued by counsel in their briefs will not be considered on appeal.

*Appeal from Appanoose District Court.*—HON. C. W. VERMILLION, Judge.

Friday, December 13, 1912.

Action for damages resulted in judgment against defendant, from which it appeals.—*Affirmed.*

*H. E. Valentine,* for appellant.

*Wilson & Smith,* for appellee.

Ladd, J.—The plaintiff was employed in the defendant's mine, and at the time of being injured was riding on the front car, at the right-hand corner, driving a vicious mule named Dynamite. For about twenty-five feet the entry was low, and in passing through a rock, extending over the rail eight or ten inches caught plaintiff on the shoulder, taking him over on his back, and he was rolled along the side of the car and injured. The rulings on the admissibility of evidence are not open to fair criticism, and the evidence, though close on the question of contributory negligence, was such as to carry the issues to the jury. Nothing can be gained from a review of the evidence, and in view of recent decisions covering the questions argued it seems necessary to discuss only one of the errors assigned.

Shortly after the injury a stipulation of settlement was signed by plaintiff, in pursuance of which defendant paid $50 and, subsequently, the attending physician's charges. In the reply this was alleged to have been procured by fraud, and when plaintiff was mentally incapable of entering into a contract. The court instructed that the evidence failed to show that fraud was practiced, but submitted to the jury, in the sixth instruction, whether plaintiff "was in such a state of mind that he had no reasonable perception or understanding of, the nature and terms of said contract of settlement," and instructed if he was in such state of mind, and had not

1. Personal Injury: settlement: mental capacity: instruction.

ratified the settlement as by accepting the services of the physi-
cian after he knew of the terms of settlement and of payment
of the physician thereunder, the release interposed no obstacle
to recovery; but if not in such state of mind, or he had
accepted the services of a physician with such knowledge, the
defendant would be entitled to a verdict.    In the seventh
instruction the jury were told that plaintiff was not bound to
return, or offer to return, to defendant any money or benefit
received under said contract of settlement at the time it was
entered into, or while of unsound mind, if he was, or so received
without knowledge of the terms of said contract, if he was
in ignorance thereof before bringing suit; and the accept-
ance or retention of any money or benefit so received could not
amount to a ratification of said contract of settlement, but
the acceptance by plaintiff of any benefits under said settle-
ment, after he became mentally capable of a reasonable per-
ception or understanding of the terms of said settlement, with
full knowledge of the terms thereof, would amount to a rati-
fication of said settlement and preclude a recovery by plain-
tiff in this action.

The plaintiff testified that he had no knowledge of the
settlement until after the suit; and if the jury found other-
wise this instruction was to the effect that if he accepted, by
retaining, the money paid after he regained the possession
of his faculties this would amount to ratification of the settle-
ment and defeat recovery.   This was not as clearly stated as
it might have been, but sufficiently so in the absence of a
request; for if he retained it, knowing for what received,
before bringing suit he accepted benefits, and this, under the
instruction, must have defeated recovery.

Moreover, in view of the finding that plaintiff was men-
tally incapable, and did not ratify the settlement by accept-
ing the physician's services, there was little room for saying,
notwithstanding these conclusions, that he knew of the settle-
ment prior to bringing suit; for his testimony of not knowing
was contradicted only by the evidence bearing on these

issues. If he did not then know, it was unnecessary in any writ to return or tender the consideration received. *Chicago, R. I. & P. Ry. Co. v. Doyle,* 18 Kan. 58.

The result is that if the law is as argued by appellant there was no error. It has long been settled in this state that where a release is procured by fraud the consideration need not be returned or tendered back as a condition precedent to the maintenance of an action for damages. *O'Brien v. Railway,* 89 Iowa, 644; *Kelly v. Railway,* 138 Iowa, 273.

*2. SAME: fraud: rescission: condition precedent.*

Does the same rule prevail where the release is alleged to have been procured from one mentally incapable? Of course, if such condition were known to the adverse party procuring it, this would constitute a fraud, and no tender would be necessary. *St. Louis, etc., R. Co. v. Sandidge,* 81 Ark. 264 (99 S. W. 68); *St. Louis, etc., R. Co. v. Brown,* 73 Ark 42 (83 S. W. 332, 3 Ann. Cas. 573).

But if the mental incapacity is unknown to the adverse party, and the release is fairly procured but for mental incapacity, the authorities seem uniformly to hold that the consideration, if it has reached the complaining party after the restoration of his faculties, before suit has been commenced, must be returned or tendered back as a condition precedent to the maintenance of the action. *Kelley v. Railway,* 154 Ala. 573 (45 South. 906); *Pawnee Coal Co. v. Royce,* 184 Ill. 402 (56 N. E. 621); *Drohan v. Railway,* 162 Mass. 435 (38 N. E. 1116); *Morris v. Railway,* 67 Minn. 74 (69 N. W. 628); *Gibson v. Railway,* 164 Pa. 142 (30 Atl. 308, 44 Am. St. Rep. 587). This is on the theory that restoration of the property received from the other party, acting in good faith, is essential to rescission, and that the retention of the consideration under these circumstances, with full knowledge of the facts, is a ratification of the contract. As pointed out, the court's instructions were in harmony with this view of the law, and the judgment is *Affirmed.*

### SUPPLEMENTAL OPINION.

PER CURIUM.—Counsel for appellant in a petition for rehearing, scolds the court for not deciding whether plaintiff, upon being advised of the alleged settlement by the filing of the answer pleading the same, was required, as a condition precedent to the further maintenance of the action, to pay or tender back the amount received from defendant in pursuance of the settlement. Our only justification is, and it has the unanimous approval of the courts, that the question was neither presented nor argued by counsel in their briefs.

3. APPEAL: failure to argue: waiver.

The petition for rehearing is *Overruled*.