# Jernigan v. Cox.

### Detinue.

(Decided April 3, 1917.   74 South. 736.)

Mortgages; Fraud; Jury Question.—Where the mortgage described the stock as follows: "All our livestock and increase  *  *  *;  also all other personal property not herein specifically named, owned by me or us now or at the maturity of this paper, and there was evidence to show that defendant signed the mortgages without reading them, on the representation that they were only to cover the property specifically described, and that they did not include any other property, the question of fraud was for the jury; the action being detinue for certain property under the mortgage.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Joe Jernigan sued D. C. Cox in detinue for the recovery of two mules. Judgment for plaintiff and defendant appeals. Affirmed.

RILEY & CARMICHAEL, for appellant.   W. W. SANDERS, for appellee.

SAMFORD, J.—The appellant, Joe Jernigan, plaintiff in the court below, held two mortgages, one dated March 21, 1908, and one dated January 15, 1909, signed by the defendant, and describing certain specific personal property, and in addition thereto containing the following general descriptions:

"All our live stock and increase," and, "Also all other personal property not herein specifically named owned by me or us now or at the maturity of this paper."

The first quotation above set out preceded the description of the specific property and was a part of the printed form, and the second quotation followed the description of the specific property and was also a part of the printed form. The description of the specific property was written into the printed form. It is not contended that the property sued for was described specifically, but that it is covered by the general descriptions embraced in the two quotations above referred to.

There was evidence tending to show that the defendant could read, that he signed the mortgages without reading them on the

[Woods v. The State.]

representations that they were only to cover the mules specifically described, and that they did not include any other property. As said in the case of *B. R., L. & P. Co. v. Jordan,* 170 Ala. 530, 54 South. 280: "It is well settled that a person who signs an instrument without reading it, when he can read, cannot, in the absence of fraud, deceit, or misrepresentation, avoid the effect of his signature, because not informed of its contents; and the same rule would apply to one who cannot read, if he neglects to have it read, or to inquire as to its contents. ' * * * 'But the rule is otherwise where its execution is obtained by a misrepresentation of its contents; the party signing a paper he did not know he was signing and really did not intend to sign. It is immaterial in the latter aspect of the case that the party signing it had an opportunity to read the paper, for he may have been prevented from doing so by the very fact that he trusted to the truth of the representation made by the other party with whom he was dealing.' "—*B. R., L. & P. Co. v. Jordan,* 170 Ala. 535, 536, 54 South. 282, and authorities there cited.

It was contended on the trial of this case that such representations had been made to the defendant, and that he trusted to the truth of such representations to his prejudice; and there was evidence sufficient for this question of fraud to be submitted to the jury; and the court made no error in so doing.

The testimony of Cox was relevant, and the court properly overruled the plaintiff's motion to exclude it.

We find no error in the record, and the judgment of the lower court is affirmed.

Affirmed.