ANDREW J. WANGEN, Appellee, v. UPPER IOWA POWER COM-
PANY et al., Appellants.

TRIAL: Question Failing to Disclose Proposed Evidence. Prejudice
1   will not be presumed from the exclusion of questions when the
record does not disclose what counsel expects to prove thereby.

MASTER AND SERVANT: Non-Delegable Duty. The master may
2   not delegate his duty to provide the servant with a safe place
in which to work.

RELEASE: Degree of Proof to Overthrow. A fair preponderance
3   of evidence is sufficient to overthrow a release on the plea of
mental incompetency at the time of signing.

RELEASE: Tender in Case of Avoidance. Where it is sought to
4   set aside a release or settlement on the ground of fraud, a ten-
der of the consideration paid need not be made *before* action is
commenced.

*Appeal from Allamakee District Court.—A. N. HOBSON,
Judge.*

DECEMBER 14, 1918.

ACTION to recover damages for personal injuries re-
ceived by plaintiff while employed by defendants.—*Affirmed.*

*Frank Sayre* and *D. J. Murphy,* for appellants.

*Wm. S. Hart,* for appellee.

STEVENS, J.—I.   While plaintiff was engaged, with a
fellow workman, in mixing concrete, upon a staging or scaf-
fold, for a dam, the scaffold fell, throwing him to the
ground, injuring his shoulder and breast,
and breaking some of his ribs.   At the time
of the accident, there was a mortar box on
the platform, containing about two tons of
mixed concrete.   Appellant complains of several rulings of
the court, excluding evidence offered on behalf of the de-

1. TRIAL: question
failing to dis-
close proposed
evidence.

fendant. The physician who dressed plaintiff's injuries and attended him was called as a witness by defendant, and was asked to state whether, when he first saw plaintiff, at a shanty near the dam, the latter was reclining or sitting up. The evidence showed that plaintiff walked immediately from the scene of the accident to a shanty, where he was placed upon a cot. The question propounded was objected to, upon the ground that the witness was incompetent, under Section 4608 of the Code. At this point, a controversy arose between counsel, and the jury were sent out of the room, but were soon recalled, and the court ruled that the witness could not be examined upon the question of "injuries sustained by plaintiff while he was in attendance upon him." No further questions were propounded to the witness, nor did counsel indicate what they expected to prove by the witness.

We have frequently held that, where the record does not, in some way, disclose what answer the witness would have made to the question, or otherwise reveal what counsel expects to prove thereby, no prejudice is shown, and none will be presumed. *Arnold v. Livingston*, 155 Iowa 601; *Jacobs v. City of Cedar Rapids*, 181 Iowa 407. It is, therefore, unnecessary for the court to discuss the question of waiver, argued by counsel.

II. The sixth instruction given by the court was as follows:

"The duty of defendant to furnish plaintiff a reasonably safe place in which to work could not be delegated to others, *and it is not material, so far as this case is concerned, by whom the scaffold and platform were constructed.*"

2. MASTER AND SERVANT: non-delegable duty.

The portion of the instruction excepted to is printed in italic. Defendant offered some evidence that plaintiff assisted in the construction of the platform upon which he was working at the time he was injured; but the preponder-

ance was to the contrary, and the jury, in answer to a special interrogatory, so found. It was, of course, the duty of defendant to use reasonable care to provide plaintiff a reasonably safe place to work. *Looney v. Garfield Coal Co.*, 166 Iowa 136; *Winslow v. Commercial Bldg. Co.*, 147 Iowa 238; *Christian v. City of Ames*, 167 Iowa 468; *Aga v. Harbach*, 140 Iowa 606; *Hook v. Chicago G. W. R. Co.*, 168 Iowa 304. And this duty could not be delegated to another, so as to escape liability. *Christian v. City of Ames*, supra; *Winslow v. Commercial Bldg Co.*, supra.

No evidence tending to show that plaintiff was guilty of contributory negligence in the construction of the platform was offered. The portion of the instruction complained of was, in any event, clearly without prejudice, and requires no further consideration.

III. The accident occurred on December 10, 1908; and, on February 23d following, the defendant claims to have made a full settlement with plaintiff for his injuries, for which $125 was paid him, and an alleged

3. RELEASE: degree of proof to overthrow.

receipt taken therefor was offered in evidence. The settlement was fully pleaded in defendant's answer. In reply, plaintiff denied the settlement, or that he was paid a sum of money therefor, and alleged that, at the time it is claimed the settlement was made, he was of unsound mind, and incapable of comprehending or understanding the nature of the alleged transaction.

In this connection, counsel for defendant requested the court to instruct the jury as follows:

"If you find that plaintiff gave defendant a written statement of settlement of his claim herein, then, unless you also find, by clear and convincing evidence, beyond a reasonable controversy, that plaintiff, at the time of giving such statement, was in such a state of mind that he did not know and could not understand its meaning, and that he

did not agree thereto because of such state of mind, then your verdict should be for the defendant."

The offered instruction was refused by the court, and the jury was instructed that, while the settlement was, on its face, valid, it could be overcome by a preponderance of the evidence in favor of defendant.

Authorities from other jurisdictions cited by counsel perhaps tend to sustain the requested instruction; but this court has often held that, where fraud or mental incompetency is pleaded for the purpose of setting aside or overcoming a release or settlement, a preponderance is all that is required therefor. *Reddington v. Blue & Raftery*, 168 Iowa 34; *Platt v. American C. P. Co.*, 169 Iowa 330; *Seymour v. Chicago & N. W. R. Co.*, 181 Iowa 218; *Owens v. Norwood White Coal Co.*, 157 Iowa 389. It follows that the court did not commit error, either in refusing the offered instruction or in the instruction given.

Counsel for appellant also urges that plaintiff was required to return the consideration paid him for the alleged settlement, before commencing an action for damages. This question was not raised in any way in the court below, either by demurrer, answer, motion for verdict, or request for an instruction, and must, therefore, be deemed to have been waived. *Ormsby v. Budd*, 72 Iowa 80. But, whether waived or not, plaintiff, in reply to the allegation of defendant's answer of settlement, set up that same was obtained while he was of unsound mind, by the fraud and duress of the defendant, and specifically denied that any consideration was paid him. Plaintiff also testified that he had no recollection or knowledge of the settlement, or that defendant paid him any sum whatever. The jury found that plaintiff, if he signed the receipt offered in evidence, did not voluntarily and knowingly do so. Where it is sought to set aside a release or settlement upon the

4. RELEASE: tender in case of avoidance.

ground of fraud, a tender of the consideration paid therefor need not be made before action, is commenced. *See v. Carbon B. Coal Co.*, 159 Iowa 413; *Reddington v. Blue & Raftery*, 168 Iowa 34, 45; *Jeez v. McDonald Mfg. Co.*, 179 Iowa 193.

V. Without reviewing the evidence in detail, suffice it to say that we have carefully examined the record, and are of the opinion that there was sufficient evidence to take the case to the jury, and that the verdict is not so excessive as to indicate passion and prejudice upon the part of the jury, or to justify our interference therewith. As we find no error in the record, the judgment of the court below must be, and is,—*Affirmed.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.