On application for rehearing appellee argues that this Court should require at least a return of the consideration as a condition for invalidating the release.
I joined the majority initially, because I thought the case was controlled by Illinois Cent. R.R. v. Johnston, 205 Ala. 1,87 So. 866 (1920), cert. dismissed, 254 U.S. 654, 41 S.Ct. 218,65 L.Ed. 459 (1921), and I am still of that opinion, but I believe that appellee makes a good point on application for rehearing that we should require a return of the consideration as a condition of invalidating the release. I have reviewedIllinois Central on this point, and the following is contained in that opinion:
 "If the money received by the plaintiff was a gift, affording no consideration for the release asserted in pleas 2 and A, the plaintiff was under no duty to restore the money, so received, as a condition to his avoidance of the release. West. Ry. of Ala. v. Arnett, 137 Ala. 414, 426, 34 So. 997; B.R.L. P. Co. v. Jordan, 170 Ala. 530, 537, 539, 54 So. 280. . . ."
205 Ala. at 4, 87 So. at 869.
The implication of that statement is that if the money plaintiff received was not a gift, then it would have to be returned if the release was to be invalidated. I believe that is what the Court meant in Illinois Central, because inBirmingham Ry., Light Power Co. v. Jordan, 170 Ala. 530,54 So. 280 (1910), cited in Illinois Central, this Court said the following:
 "The person who would disaffirm a fraudulent contract must return whatever he has received under it. This is on a plain and just principle. He cannot hold on to such part of the contract as may be desirable on his part and avoid the residue, but must rescind in toto, if at all."
170 Ala. at 537, 54 So. at 282.
I believe we should grant rehearing and apply this principle to this case; therefore, I must dissent on this basis.