## JOHN G. CAULKINS *vs.* JOHN FRY.

Where the maker of a negotiable note defends against a bona fide holder on the ground that he was intoxicated when he made the note, he must make out a case of complete intoxication.

Where he was able to sign the note, and the next morning to remember that he had done so and for what the note was given, it was held that he had not shown a case of complete intoxication.

ASSUMPSIT, on a negotiable note, by a bona fide holder against the maker, reserved by the Superior Court on facts found by an auditor, for the advice of this court. The case is fully stated in the opinion.

*Patterson*, for the plaintiff.

*Hubbard* and *M. J. Warner*, for the defendant.

CARPENTER, J. This is an action by the indorsee against the maker of a negotiable promissory note. The defense is that the defendant, when he signed the note, was intoxicated. When this cause alone is relied upon as a defense, we suppose it is incumbent upon the party to show what the books term excessive or complete drunkenness. A less degree of intoxication will suffice, where it appears that the intoxication was induced by the opposite party, or that he knowingly took advantage of it to obtain a better bargain. In 1 Parsons on Notes and Bills, 151, it is stated thus: "Drunkenness is a species of insanity; but the law is not quite clear respecting this disability. Perhaps it stands thus: one can not defend

by proving his drunkenness, unless he can show that the drunkenness was known to the payee and taken advantage of by him; or that it was complete and suspended all use of the mind at the time." See also 1 Story Eq. Jur., §§ 231–3, and cases there cited.

Such is the law generally. In its application, however, to negotiable paper an important distinction is to be observed between actions brought by the payee, and actions brought by an indorsee. As against the payee the maker may avail himself of any defense which shows that the paper was either void or voidable; while as against a bona fide holder for a valuable consideration he can only defend by showing that the paper was void. In the latter case he is limited to those defenses which go to the essence of the contract, and, either by common law or by statute, annul and avoid the contract, or which interfere with and prevent the indorsee from acquiring a legal title to the paper. Upon the same principle complete incapacity of the maker, which shows that the paper is *void*, is a good defense as against a bona fide holder; while partial incapacity, which, in connection with other circumstances, may show that the paper is *voidable*, but does not render it absolutely void, is only available as against the payee. 1 Parsons on Notes and Bills, 275.

In this case the plaintiff took the note before due, and is a bona fide holder for a valuable consideration. The auditor has further found, "that the defendant signed the note with his own hand, but by reason of his intoxication was incapable of understanding the consequences of his act, and was unfit to transact business." Also "that he had sufficient consciousness to remember, the next morning, that he had signed the note, and that he thereupon repudiated the contract, returned the property for which the note was given, and demanded of Jaycox, the payee, the surrender thereof."

Excessive drunkenness, where the party is utterly deprived of the use of his reason and understanding, is not found, certainly not in terms; and we think the finding is not equivalent to that. On the contrary, the facts found seem to indicate a less degree of intoxication. He was capable of writing his

name, and, so far as appears, in a manner not to excite suspicion. His mind was in such a condition that he remembered the next morning that he had signed the note, and what it was given for. Complete intoxication, therefore, is not found. As nothing short of that will suffice, and as the burden of proof is upon the defendant, we think he has failed to establish his defense, and that judgment should be advised for the plaintiff.

In this opinion the other judges concurred.