GEORGE J. WHITNEY, Surviving Trustee, etc., Respondent, *v.* THE UNION TRUST COMPANY OF NEW YORK, Impleaded, etc., Appellant.

(Argued January 14, 1875; decided May term, 1875.)

THIS action was brought to foreclose a mortgage alleged to have been executed by defendant, The Rochester Water-works Company, to plaintiff and one George H. Mumford (now deceased), as trustees of certain bondholders. The Union Trust Company alone defended. Its defence was based solely upon the ground that the mortgage was not executed by the proper officers of the water-works company. The mortgage purported to have been executed under chapter 140, Laws of 1863, which authorized the company to borrow $400,000, to issue bonds and a mortgage under the signature of the president and secretary, or such other officers of the company as the directors might designate. The directors authorized the bonds and mortgage to be executed by the president and *secretary*, under the seal of the company. They were exe-

cuted under the corporate seal, but by the president and *treasurer*. By a subsequent act, chapter 255, Laws of 1869, it was recited that the water-works company had, under the act of 1863, borrowed $400,000, issuing its bonds, secured by a mortgage upon its property, which is "now a lien on said property;" and the company was authorized to issue bonds to the amount of $800,000, secured by a mortgage on its property, $400,000 of which sum should be used to redeem the first issue. A mortgage was accordingly executed for that amount to The Union Trust Company, as trustee for bondholders, covering the same property as the first. This mortgage set forth the act of 1863 and contained this recital: "And, whereas said mortgage so authorized was duly executed and delivered to the said trustees and bonds issued thereunder to the amount of $400,000;" and it was provided that $400,000 of the amount secured by it should only be used to redeem the bonds issued and secured by the first mortgage. A large number of the holders of the first bonds declined to exchange, and claim under the plaintiff and the mortgage in suit. *Held*, that it was by no means clear that, independent of a subsequent approval of it by the company, the mortgage was invalid, as it was executed under the corporate seal, which is the only means by which a company can obligate itself by deed; that the seal was evidence, *prima facie*, that it was affixed by authority, and it was for the defendant to show that the officers having the custody of the seal were not authorized to affix it, and there was no proof that the treasurer had not been authorized to act. (Angel & Ames on Corp., § 217; *Lovett* v. *S. S. M. Assn.*, 6 Paige, 54; *Bank of V.* v. *Warren*, 7 Hill, 91.) But assuming the evidence did not show authority, the act was approved and ratified by the company by disposing of and receiving the avails of the bonds, paying interest; also the bonds and mortgage were validated by the act of 1869; also *held*, that The Union Trust Company could not object to the validity of the mortgage as provision was made in its mortgage for the payment of the bonds, to secure which the former mortgage was given, and it was bound as well to protect the interests of the holders of these bonds as of the other bondholders.

*Birdseye, Cloyd & Bayliss* for the appellant.

*W. F. Cogswell* for the respondent.

GRAY, C., reads for the affirmance.
All concur.
Judgment affirmed.