## GEORGE T. CARPENTER v. JOHN RODGERS.

*Contract—With party so drunk as not to know what he is doing—Voidable only—May be ratified when he becomes sober.*

A contract entered into by a party who is so drunk as not to know what he is doing is *voidable* only, and may be ratified by him on becoming sober. [See authorities cited in the opinion.]

Error to Berrien. (Smith, J.) Argued April 29, 1886. Decided May 12, 1886.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion.

*Clapp & Bridgman*, for appellant :

Before plaintiff could bring replevin he must rescind the contract; and "unless there is a special contract to the contrary, neither party can 'rescind a contract without placing the other in the same position in respect to the goods as he occupied before the delivery of the articles " : Story on Sales, 552, and cases cited ; *Wilbur v. Flood*, 16 Mich. 45.

"It is now settled that the contracts of drunken persons are *voidable*, and not absolutely *void*, however the drunkenness may be occasioned ": Story on Sales, § 15, and authorities cited ; and one who seeks to avoid a contract on the ground of drunkenness must return the property before commencing suit : Benj. on Sales, § 343 ; Bishop on Contracts, 287.

*O. W. Coolidge* and *E. L. Hamilton*, for plaintiff :

A party wishing to disaffirm or rescind a contract need only *offer* to restore the property, and if acceptance is refused he may bring replevin : Wells on Replevin, 349 ; *Weed v. Page*, 7 Wis. 511 ; *Nichols v. Michael*, 23 N. Y. 267.

Proof of any circumstances which satisfy a jury that a demand would have been unavailing (as a refusal, or a statement that he will not deliver) will be sufficient to excuse proof of demand, etc.: *Johnson v. Howe*, 2 Gil. 344 ; *Cranz v. Kroger*, 22 Ill. 74 ; *LaPlace v. Aupoix*, 1 Johns. Cases,

407; *Appleton v. Barrett*, 29 Wis. 221; Wells on Replevin, 212.

SHERWOOD, J. The parties in this case, on the second day of January, 1885, traded horses.

The plaintiff gave his team, and an order on Mr. Tuttle, of Niles, for five dollars, for the team of defendant.

The team obtained by the plaintiff proved to be of little value, unsound, and, as plaintiff claimed, not as represented; and that the defendant cheated and defrauded him out of his property by taking advantage of his inability, when he was drunk, in making the trade; and, claiming a rescission of the contract under which the trade was made, he brought replevin to obtain the team he let the defendant have on the exchange.

The property was taken upon the writ, and delivered by the sheriff to the plaintiff.

The cause was tried in the Berrien circuit, before a jury, and the plaintiff prevailed.

On the trial testimony was given tending to show that the plaintiff was a young man of weak and feeble mind, scarcely able to do any business requiring the exercise of ordinary judgment; and that he was intoxicated to the extent when he made the trade that he did not know what he was doing, or, at least, have intelligent comprehension of the transaction; that the defendant was a horse-trader unknown to the plaintiff, and that the trade was brought about by one Allen, a neighbor of the plaintiff and a friend of the defendant; that it was through Allen the intoxication of the plaintiff was procured; that the team of plaintiff was a pair of young horses, and worth from $150 to $200; and that the defendant's team was not worth over $75.

On the part of the defendant these facts, or most of them, were controverted, and counsel for defendant denied there had ever been any rescission of the contract.

The court, in charging the jury, said upon the subject of rescission, and the condition of the plaintiff at the time the trade was made:

" If he was so drunk that he did not know what he was about, the contract would be void, and so no rescission of the contract would be needed.   He could replevy his property without any rescission, because there would be no contract to rescind."

This was error.

A contract entered into by a person who is so drunk as not to know what he is doing is voidable only, and not void, and may therefore be ratified by him when he becomes sober: Story on Sales, § 15 ; Benj. on Sales, 43 ; Bish. on Cont. § 304; *Matthews v. Baxter*, L. R. 8 Exch. 132 ; *Caulkins v. Fry*, 35 Conn. 170 ; *Foss v. Hildreth*, 10 Allen, 76–9 ; *Van Wyck v. Brasher*, 81 N. Y. 260 ; *Warnock v. Campbell*, 25 N. J. Eq. 485 ; *French v. French*, 8 Ohio, 214 ; *Noel v. Karper*, 53 Penn. St. 97 ; *Dulany v. Green*, 4 Har. (Del.) 285 ; *Cummings v. Henry*, 10 Ind. 109 ; *Cory v. Cory*, 1 Ves. Sr. 19; *Pitt v. Smith*, 3 Camp. 33 ; *Newell v. Fisher*, 11 Smedes & M. 431 ; *Reynolds v. Waller*, 1 Wash. (Va.) 164; *Menkins v. Lightner*, 18 Ill. 282 ; *Taylor v. Patrick*, 1 Bibb, 168; *Broadwater v. Darne*, 10 Mo. 277 ; *Hutchinson v. Brown*, 1 Clarke, Ch. 408 ; Story, Cont. 27, 28 ; Chit. Cont. 153, 154.

Without passing upon the facts whether or not the plaintiff's testimony showed a rescission, or what the jury would have been warranted in finding upon that subject under a proper charge by the court, we can only say, upon the record as presented, it was necessary for the plaintiff to show a rescission of some kind before he could maintain his suit, and the court should have so charged the jury.

We find no other error in the case.   The judgment must be reversed, and new trial granted.

The other Justices concurred.