# JOSEPH MATZ v. MARTIN MARTINSON.[1]

November 6, 1914.

Nos. 18,746—(56).

**Intoxication — failure to disaffirm contract.**

1. A contract entered into by a person in such a state of intoxication that he is unable to comprehend its terms is voidable but not void. If, after having knowledge of and comprehending its terms, he affirms it, it becomes valid and binding. His failure to disaffirm it within a reasonable time after having such knowledge is deemed an election to affirm it.

**Same — estoppel by conduct.**

2. Where defendant executed a promissory note for a valid pre-existing debt, and, for at least five years after full knowledge of the transaction, recognized the note as valid and repeatedly promised to pay it, he cannot thereafter interpose as a defense thereto that he was intoxicated when he signed it, and testimony to prove such intoxication may properly be stricken from the record.

**Striking out evidence — statute.**

3. Section 7998, G. S. 1913, does not deprive the court of the power to strike out immaterial evidence, nor require it to submit to the jury questions having no bearing upon the outcome of the suit. Where the court states the case as it is, explains the rules of law which apply and permits the jury to return such verdict as they may deem proper under the circumstances, the court has fully performed the duty imposed upon it by this statute.

Action in the district court for Wilkin county to recover a balance of $488.70 upon a promissory note. The answer alleged that on the day mentioned defendant was intoxicated and deprived of his reason and understanding, and while so intoxicated plaintiff, taking an undue advantage of his condition, induced him to sign his name to the note. The case was tried before Flaherty, J., who granted de-

1 Reported in 149 N. W. 370.

Note.—Validity of contract made with intoxicated person, see notes in 54 L.R.A. 440; 2 L.R.A.(N.S.) 666; 25 L.R.A.(N.S.) 596.

fendant's motion to strike out all the evidence on behalf of the defendant bearing on the question of his intoxication, and a jury which returned a verdict for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Leonard Eriksson,* for appellant.

*Lewis E. & D. J. Jones,* for respondent.

TAYLOR, C.

This is a suit upon a promissory note. The defense interposed is that defendant was so drunk when he signed it that he was incapable of entering into a contract. At the close of the evidence all testimony tending to prove such drunkenness was stricken out on motion of plaintiff. The testimony so stricken out would have supported a finding by the jury that defendant was intoxicated to the extent claimed, and consequently the action of the court in striking it out presents the question as to whether the fact of such intoxication was a defense to the suit.

1. The note together with a chattel mortgage upon some horses was executed on January 10, 1906. Defendant had previously mortgaged the horses to a third party. He subsequently sold them, and apparently applied the proceeds upon the first mortgage. He paid none of such proceeds to plaintiff. Plaintiff made no attempt to enforce his mortgage, and never received anything thereunder. He made several threats to prosecute defendant criminally for selling mortgaged property, but no prosecution was ever instituted. Defendant, at the trial, admitted and testified that he was informed of the note and mortgage and knew that he had executed them on January 11, 1906, the next day after their execution; that the note was given for a prior debt and that he owed such debt; that after knowing that he had executed the note, he repeatedly promised to pay it; that he made two payments upon it, one of $50 in September, 1908, and another of $50 in October, 1908; and that he made no claim to plaintiff that the note was invalid, because executed while he was intoxicated, until some time in the spring of 1913. His wife testified that one of plaintiff's attorneys came to the house at a time when her husband was absent; and that, in response to an inquiry

as to whether they could make a payment upon the note, she informed him that they would not pay it as her husband was intoxicated when he signed it. She was unable to fix the date of this conversation with any definiteness, but stated that it occurred some two years before the trial. As the trial took place in December, 1913, this conversation probably occurred some time in 1911. It is not claimed that there was any act repudiating the note prior to this conversation; but defendant contends that this conversation, and the statement, which he himself made in the spring of 1913, constituted a disaffirmance of the note and absolved him from any obligation to pay it.

Although a party may repudiate a contract entered into when he was in such a state of intoxication that he could not comprehend its terms, it is well settled that such contract is not void but voidable only. If, after becoming sober and comprehending its terms, he affirms it, it becomes valid and binding. If he elects to repudiate it, he must give notice thereof with reasonable promptness. He is allowed a reasonable time after he understands the nature and effect of the transaction in which to disaffirm it; but, if he takes no steps to disaffirm it within a reasonable time after he has such knowledge, he is deemed to have ratified it. Carpenter v. Rodgers, 61 Mich. 384, 28 N. W. 156, 1 Am. St. 595; J. I. Case Threshing Machine Co. v. Meyers, 78 Neb. 685, 111 N. W. 602, 9 L.R.A.(N.S.) 970; Kelly v. Louisville & N. R. Co. 154 Ala. 573, 45 South. 906; Strickland v. Parlin & Orendorf Co. 118 Ga. 213, 44 S. E. 997; Spoonheim v. Spoonheim, 14 N. D. 380, 104 N. W. 845; Fowler v. Meadow Brook Water Co. 208 Pa. St. 473, 57 Atl. 959; 17 Am. & Eng. Enc. (2d ed.) 401.

The note in controversy was given for a valid debt previously contracted. Defendant does not claim any defense to the debt, nor that he was overreached in any manner. He recognized the note as a valid and binding obligation for fully five years, and during that time made numerous promises, both verbally and by letter, that he would pay it. The record shows conclusively that he ratified the execution of the note after having full knowledge of the transaction. Therefore whether he was intoxicated when he signed it became

wholly immaterial, and evidence tending to show such fact was properly stricken from the record.

2. Defendant complains of the manner in which the case was submitted to the jury. He offered no defense except the claim that the note was invalid because signed while he was intoxicated. As already pointed out his subsequent ratification of the note precluded him from asserting this defense. When the case went to the jury plaintiff's note stood admitted, and there was no evidence tending to show any defense to it whatever. Plaintiff moved the court to direct a verdict in his favor. Defendant objected under chapter 245, page 336, Laws of 1913. The trial judge endeavored to follow this statute. He denied plaintiff's motion. He called the attention of the jury to the note, and to the defense of intoxication, and gave them two forms of verdict. He told them that the testimony as to intoxication had been stricken out and was not to be considered by them. He further told them to take the note and, if plaintiff was entitled to recover, to return a verdict for the amount thereof, but that he did not direct a verdict for plaintiff.

Defendant contends that withdrawing the evidence as to intoxication from the jury infringed the rights secured to him by the statute. This somewhat unusual statute reads as follows:

"When at the close of the testimony any party to the action moves the court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue or issues, within the pleadings on which any evidence has been taken, as either or any party to the action shall request, but upon a subsequent motion, by such moving party after verdict rendered in such action, that judgment be entered notwithstanding the verdict, the court shall grant the same if, upon the evidence as it stood at the time such motion to direct a verdict was made the moving party was entitled to such directed verdict." Section 7998, G. S. 1913.

It may be noted in passing that defendant made no request for the submission of any issue to the jury, but merely objected to the granting of plaintiff's motion. This statute has no reference to the reception or rejection of evidence, and in no way changes or restricts

the power of the court to determine questions arising in respect thereto. The court has precisely the same power to receive, exclude and strike out evidence that it had before the passage of the statute. Evidence offered for the purpose of proving facts which, if established, would not affect the result of the action, may properly be excluded or stricken out as immaterial.

The statute contemplates the existence of questions which are for the jury to determine, and which have a bearing upon the result of the action. Such questions may arise either because the facts are in controversy, or because different conclusions may be drawn from the undisputed facts. But if there be no such questions, there are no issues for submission to the jury. The court is not debarred from stating to the jury the rules of law which govern the case, and should do so. He performs his full duty under the statute when he states the case to the jury as it actually is, explains the rules of law which apply, and directs them to return such verdict as they may deem proper under the circumstances. Whether the court no longer possesses the power to direct a verdict in any case, if objection be made thereto, is neither involved nor decided herein.

The record in the present case discloses no error affecting any substantial right of defendant and the order denying a new trial is affirmed.