KNISELY v. PEOPLE'S SAVINGS BANK OF SAGINAW.

1. BANKS AND BANKING—PARTNERSHIP—POWER OF TRUSTEE—RATIFICATION.

> The trustee, for a partnership, of an interest in a private bank, who has power to loan money, has also power to ratify the unauthorized act of one of the partners in depositing a draft drawn by the bank in favor of another bank in the latter in the name of a company in which such partner is interested and in loaning the funds to the company.

2. SAME.

The unauthorized act of the member of the partnership was ratified where the trustee made no objection to the course pursued by such member and the bank accepted the notes of the company, accepted interest when due, renewed the notes, and when they went to protest, took steps to collect them from the maker and such partner, and, when the trustee in bankruptcy was appointed, upon the bank becoming insolvent, he, with full knowledge of the matter, attempted to collect the notes from such partner, and the bank did not complain of the irregular procedure of the bank receiving the deposit for nearly four years thereafter.

3. EVIDENCE—ADMISSIBILITY—FRAUD.

Evidence of fraud upon the seller and depositors of the bank in the purchase of the interest in the private bank by the partnership, legal title to which was held in a trustee, was properly excluded where defendant bank receiving the unauthorized deposit of a draft of the private bank from a member of the partnership did not know of, and was not a party to, the fraud.

Error to Saginaw; Gage, J. Submitted April 18, 1917. (Docket No. 140.) Decided December 28, 1917.

Assumpsit by Samuel H. Knisely, trustee in bankruptcy of O. F. Thom and others, against the People's Savings Bank of Saginaw for the amount of a draft. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*C. M. Browne* (*R. L. Crane,* of counsel), for appellant.

*Humphrey, Grant & Humphrey,* for appellee.

BIRD, J. This is a proceeding to recover from defendant the proceeds of a draft for $3,000 drawn in its favor by the Chippewa County Bank, in December, 1909. The Chippewa County Bank was a small private bank located at Detour, and in December, 1909, was owned by S. H. Knisely. On the 29th of that

month Knisely sold and assigned his interest in the bank to Thomas F. Sullivan, as trustee for O. F. Thom, J. D. McCann, and J. E. Thom, and the bank passed into their possession early in January, 1910. Among the assets of the bank was a deposit of $3,000 in the Sault Savings Bank, which had been carried as a reserve. Soon after taking possession of the bank Sullivan directed the cashier to draw a draft on the Sault Savings Bank for $3,000 in favor of defendant bank, giving as a reason that a larger rate of interest could be secured from defendant. J. E. Thom was in Detour at the time and about to return to Saginaw, and he was requested to take the draft and deposit it with defendant. He took the draft, and upon arriving at Saginaw went to the defendant bank and made a deposit slip showing that the draft was to be placed to the credit of the Flint Improvement Association (a company in which he himself was an officer), and tendered the same for deposit. The cashier hesitated because it was not indorsed by the Chippewa County Bank, but after some explanation as to how it came to be drawn in that way, and after compliance with the suggestion of the cashier that Thom sign his name on the back to show the source through which it came, the deposit was accepted and credited to the account of the Flint Improvement Association. Thom at once wrote to the Chippewa County Bank, stating that the defendant would not pay 3 per cent. interest in accordance with their understanding, and therefore he had loaned it to the Flint Improvement Association and taken their promissory notes bearing 7 per cent. interest, and inclosed the notes therewith. The notes appear to have been accepted by the bank and entered upon its books among the loans and discounts in the usual way. When they became due the interest thereon was paid by the Flint Improvement Association and the same were renewed for three months. When

the notes, again became due, in June, 1910, they were not paid, and the Chippewa County Bank sent them to an attorney at Saginaw for collection against Thom and the Flint Improvement Association. Prior to this, the deposit had been drawn upon and exhausted by the Flint Improvement Association. The attorney was not successful in making the collection from either one. In August, 1910, the Chippewa County Bank was adjudged a bankrupt, and in December, 1911, plaintiff was appointed trustee in bankruptcy of the assets of the bank. After becoming trustee plaintiff appealed in vain to Thom to pay the $3,000, and the collection was again placed in the hands of the Saginaw attorney for collection. He being unable to make the collection from Thom, demand was made upon defendant for the deposit, and upon its being refused this suit was instituted.

It was plaintiff's claim upon the trial that Sullivan and his cohorts were financially irresponsible; that they deliberately entered into a scheme to defraud Knisely, the owner, and the depositors of the bank, and that no copartnership was ever formed between them; that the proceeds of the draft in question could not be passed to the credit of a third party without the indorsement or consent of the Chippewa County Bank. And it being conceded that it was never so indorsed, the proceeds of the draft were still owing to the estate which the plaintiff represented.

The defendant insisted that the transaction was a legal one, but argues that if it were not and Thom had no authority to order the proceeds placed to the credit of the Flint Improvement Association, the unauthorized act of Thom was ratified by the bank, and also by the trustee. The trial court took this view of it, and directed a verdict in favor of the defendant, and the question is: Was the trial court right in disposing of the matter as he did?

It is conceded that Knisely owned the Chippewa County Bank in December, 1909. He was offered $1,329.13 for his equity therein. He accepted the offer, received payment, and assigned his equity to Sullivan as trustee, and gave the purchasers possession of the bank and its assets. Thereafter the purchasers had the management and control of the affairs of the bank until some time in August, when it was adjudicated a bankrupt. Sullivan appears to have been in control, and being in control had a right to transfer its reserve from the Sault Savings Bank to the defendants. He ordered this to be done. His orders were not complied with, but the fund was converted into a loan by one of the copartners to an irresponsible concern. At this stage of affairs Sullivan had a right to insist that the loan be credited to the Chippewa County Bank, but he did not do so. The bank accepted the notes of the Flint Improvement Association, and entered them in their books in the way that other loans were entered. When they were due it accepted the interest thereon and renewed the notes for an additional 90 days, and after they went to protest in June the bank took steps to collect them from the maker, and also from Thom. Later when plaintiff became trustee, with full knowledge of the affair, he attempted to collect them from Thom. The Chippewa County Bank did not then, nor did it for nearly four years thereafter, complain to defendant that its action in placing the draft to the credit of the Flint Improvement Association was irregular. Had the draft been credited to the bank, in accordance with instructions, it could have loaned it on the following day to the Flint Improvement Association, if it saw fit. If Sullivan, as manager of the bank, had the power to loan it he had the authority to affirm and ratify the unauthorized act of Thom in making it. Mechem's Outlines of Agency, p. 45. As defendant's

counsel point out, the act of Thom was ratified by every one who had any authority to do so. We think the conceded facts bring the case within the rule of implied ratification. *Peninsular Bank* v. *Hanmer,* 14 Mich. 208; *Carpenter* v. *Rodgers,* 61 Mich. 384 (28 N. W. 156, 1 Am. St. Rep. 595); *Ballston Spa Bank* v. *Marine Bank,* 16 Wis. 120; *Whitney* v. *Union Trust Co.,* 65 N. Y. 576; *J. I. Case Threshing Machine Co.* v. *Meyers,* 78 Neb. 685 (111 N. W. 602, 9 L. R. A. [N. S.] 970).

Complaint is made by plaintiff because the court would not admit testimony tending to show a fraudulent intent upon the part of Sullivan and some of his associates to defraud Knisely and the depositors of the bank. This testimony would appear to be immaterial, unless defendant was a party to the fraud or had some knowledge of it, and we do not understand that there was any offer to show this. The owner sold his interest to the purchasers and placed them in possession. They apparently had the right to conduct the affairs of the bank, and did so conduct them from January until the following August, when the copartnership was adjudicated a bankrupt. If there were fraud in the purchase to the extent that title to the bank did not pass to Sullivan and his associates the transaction with defendant would not be thereby affected, unless defendant was a party to or knew of the fraud. 35 Cyc. p. 359, and cases. We think the trial court was right in holding that the testimony was immaterial.

In view of this conclusion, the other assignments of error which are argued in plaintiff's brief are rendered unimportant. We think the trial court took the proper view of it, and the judgment will be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.