[No. 14344. Department Two. January 30, 1918.]

## SARAH SHERBLOOM, *Appellant*, v. CHARLES A. FAUSSETT et al., *Respondents*.[1]

EXCHANGE OF PROPERTY—RESCISSION—ACTIONS — PARTIES. In an action for a rescission of an exchange of plaintiff's land for two tracts owned and conveyed by different parties, both such parties are necessary parties defendant, since there could not be a partial rescission.

SAME—RESCISSION—RESTITUTION. A party cannot rescind an exchange of properties for fraud without making restitution and restoring the *status quo*.

SAME—RESCISSION—DEFENSES — RATIFICATION. Rescission of an exchange of properties, induced by coercion while plaintiff was intoxicated, must be denied where she subsequently ratified it by dealing with the defendant as her agent in the collection of rents upon the property she received.

APPEAL—REVIEW—DISCRETION—NEW TRIAL. The discretion of the trial court in refusing a new trial for newly discovered evidence that was merely cumulative cannot be disturbed on appeal.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered February 5, 1917, upon findings in favor of the defendants, dismissing an action for rescission, tried to the court. Affirmed.

*C. H. Graves*, for appellant.

*R. J. Faussett* and *Sherwood & Mansfield*, for respondents.

[1]Reported in 170 Pac. 337.

MORRIS, J.—In her third amended complaint, upon which this action was tried, appellant alleged that the respondent coerced her into an exchange of property with him by threatening to cloud the title to her property and force her into litigation. She further alleged that, in furtherance of his purpose to defraud her out of her property, respondent induced her to drink large quantities of intoxicating liquor, and while she was intoxicated, persuaded her to enter into the exchange. Appellant then prays for a rescission, or, failing that, for damages. Issue was joined and the trial had to the court, resulting in the action being dismissed. Thereafter appellant moved for a new trial on the ground of newly discovered evidence, which was denied.

The lower court held that there could be no rescission (1) because of the lack of necessary parties, the appellant having exchanged a five-acre tract under an agreement whereby three acres went to respondent in exchange for certain property then owned by him, and two acres went to one Fadden for property then owned by him. The exchange was consummated by appellant conveying her five acres to respondent and respondent then conveying two acres to Fadden; respondent and Fadden each, by separate deeds, conveying their respective properties to appellant. The lower court was clearly right in holding Fadden to be a necessary party in an action for rescission. Appellant could not rescind a part of her exchange agreement and abide by the other part. She must rescind or abide by the whole contract. (2) Neither could she rescind because she made no offer of restitution. A party cannot rescind a contract without offering to put the other party in *statu quo*. These principles of the law are too well settled to be now doubted; a statement of them is sufficient to announce the law. The lower court was, therefore, clearly right in denying any rescission.

We sustain the ruling of the lower court denying damages on the plea of intoxication. The preponderance of the evi-

dence is against this plea. If it could be sustained, appellant must still go out of court. The exchange was made on December 22, 1915; appellant recorded her deeds February 3, 1916. She commenced this action in April, 1916. In the meantime she dealt with respondent as her agent in the collection of rent upon both pieces of property received by her in the exchange. This must be held to be a ratification. If she was intoxicated at the time of the exchange, that fact would only make the contract voidable, not void, and her subsequent ratification would affirm it. *Matz v. Martinson*, 127 Minn. 262, 149 N. W. 370, L. R. A. 1915B 1121.

There was no error in denying the motion for a new trial. The newly discovered evidence was only cumulative, and the discretion of the trial court cannot be disturbed in refusing a new trial in such cases.

ELLIS, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ., concur.