**In re the Marriage of Robert D. RONAY, Petitioner, Appellant,**

v.

**Helen A. RONAY, Respondent.**

**No. C1–84–1893.**

Court of Appeals of Minnesota.

May 28, 1985.

Robert D. Ronay, pro se.

Jane Binder, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Appellant Robert D. Ronay appeals from the final judgment in this marriage dissolution action determining the issues of child support, property distribution, spousal maintenance and attorneys fees. He also appeals the order for temporary child support issued prior to the final judgment.

We affirm in all respects.

### FACTS

Helen A. and Robert D. Ronay were married on April 12, 1969. They have four children, ages 14, 12, 10 and 6. Prior to the dissolution proceeding, the parties were in the process of adopting a fifth child, age two. Robert terminated his rights to parent this child and Helen adopted her as a single parent.

The parties owned four pieces of rental property, a cabin, some lots in Duluth and their homestead in Minneapolis. During these proceedings, a receiver was appointed because of possible foreclosure on the properties and they were placed on the market for sale. The parties agreed as to the disposition of the properties and that stipulation was adopted by the trial court. Helen received the homestead and the cabin; Robert received the Duluth lots. The proceeds from the sale of the rental properties were to be distributed to Helen and she was to pay the indebtedness of the parties. The judgment and decree of dissolution was issued on October 11, 1984.

On August 16, 1983, a family court referee ordered Robert to maintain the existing medical, hospitalization, dental and life insurance coverage for Helen and the party's minor children. Subsequently, based on the parties' stipulation, another referee ordered Robert to pay $900 per month to Helen for temporary child support.

At trial, Robert testified that he has worked full-time throughout the parties' marriage. He has a bachelor of science degree in accounting, a master's degree in marketing, and is currently working on a master's degree in business taxation. He testified that he has taken the Certified Managerial Accountant exam, and that he has published books and pamphlets. Robert is currently self-employed as an accountant and does business as Robert D. Ronay Associates, Inc. out of his apartment at Symphony Place, in Minneapolis.

Before becoming self-employed in 1982, he was earning approximately $30,000 in annual income. In the last several years, he has also held various teaching positions. In March, 1982, Robert stated a gross annual income of $36,000 on a completed loan application. Appellant's 1983 federal income tax return for his business indicated that his company's gross receipts for that year were $31,529. Based on this and other evidence, the trial found that Robert has the capacity to earn $36,000 per year.

Throughout the majority of the parties' marriage, Helen Ronay was bearing and raising children and functioning as the family's homemaker. She has a bachelor's degree in business administration but she has not worked in the job market full-time since 1969. In 1981, she began temporary part-time work from which she earned less than $1,000 per year. At the time of trial, Helen was employed in part-time, temporary jobs. Helen indicated that her net income at the time of trial was $311.57 per month. She also introduced an exhibit at trial which showed that her monthly expenses at that time were $2,964. Her debts at the time of trial exceeded $15,000. Helen testified at trial that she wishes to be self-sufficient and plans to enroll in a computer training program that can be completed in two to two and one-half years.

Helen also testified at trial that her attorney's fees exceeded $20,000 at the time of trial and that she did not have the ability to pay those fees.

## ISSUES

1. Did the trial court err in its order for child support?

2. Did the trial court err in its order for spousal maintenance?

3. Did the trial court err in ordering appellant to provide medical and dental insurance for the parties' minor children?

4. Did the trial court err in awarding to respondent $5,000 in attorney's fees?

5. Did the trial court err in ordering appellant to pay receiver's fees incurred due to appellant's actions?

6. Did the trial court err in the division of real and personal property?

7. May this court forgive child support arrearages?

## ANALYSIS

1. Child Support.

As child support, the trial court ordered Robert to pay $900 per month. This award is based on the court's finding that Robert had "the present ability to earn a gross annual income of $36,000." Further, the court found that he had living expenses of approximately $1,000 per month. The trial court also made findings on Helen Ronay's income and expenses.

Robert argues that the award of child support was improper because he does not have sufficient income to permit him to pay the award.

Trial courts have broad discretion in setting child support amounts. *Taylor v. Taylor*, 329 N.W.2d 795, 797 (Minn.1983). Child support awards are governed by Minn.Stat. § 518.17 (1984). Subdivision 4 of that section directs courts to consider the following factors in setting child support awards:

(a) The financial resources and needs of the child;

(b) The financial resources and needs of the custodial parent;

(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

(d) The physical and emotional condition of the child, and his educational needs; and

(e) The financial resources and needs of the non-custodial parent.

Minn.Stat. § 518.17, subd. 4. Subdivision 5 of § 518.17 provides that courts must set child support awards in accordance with the child support guidelines in Minn.Stat. § 518.551. Minn.Stat. § 518.551, subd. 5, provides that a child support order shall be "based on the ability of the obligor to provide support at these income levels, or at higher levels, if the obligor has the earning

capacity." Minn.Stat. § 518.551, subd. 5 (1984).

The supreme court has held that it is proper for a trial court to consider a party's earning capacity and earnings history to determine that party's ability to comply with child support orders. *Hopp v. Hopp*, 279 Minn. 170, 156 N.W.2d 212 (1968); *Fruen v. Fruen*, 228 Minn. 391, 37 N.W.2d 417 (1949).

■ The trial court's child support order of $900 per month, based on its determination that Robert is capable of earning $3,000 gross income per month, was proper under the statutory guidelines of Minn. Stat. § 518.551. Robert's expert witness testified that Robert's monthly state, federal and FICA withholding are likely to total between $440 and $560. Thus, his net monthly income under the guidelines is approximately $2,440–$2,560. The guidelines require that Robert pay 39 percent of his monthly income for four children, or $951–$998 per month in child support.

Robert argues that his actual income is substantially below that found by the trial court. The court acknowledged his lowered income and noted that he voluntarily reduced his work hours and, consequently, his income in order to work on the marriage dissolution.

■ Appellant, by his argument, attempts to introduce to this court new evidence regarding his income. It is well settled that this court will not consider evidence not presented or admitted by the trial court. *See, e.g., Eakman v. Brutger*, 285 N.W.2d 95, 97 (Minn.1979); *Republic National Life Insurance Co. v. Lorraine Realty Corp.*, 279 N.W.2d 349, 355 n. 2 (Minn.1979); *Benedict v. Benedict*, 361 N.W.2d 429 (Minn.Ct.App.1985).

The court's award of child support was supported by the evidence and was within the discretion of the trial court.

2. Maintenance.

The trial court awarded to Helen Ronay $250 per month as spousal maintenance to terminate upon her remarriage, death, or on October 15, 1987.

Minn.Stat. § 518.552, subd. 1 provides:
... the court may grant a maintenance order for either spouse if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, especially during a period of training or education, and

(b) Is unable to adequately support himself after considering all relevant circumstances through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Minn.Stat. § 518.552, subd. 1 (1984). The trial court must consider the following factors in making an award of maintenance:

(a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment, and the probability, given the spouse's age and skills, of completing education or training and becoming fully self-supporting;

(c) The standard of living established during the marriage;

(d) The duration of the marriage and, in the case of a homemaker, the length of absence from employment and the extent to which any education, skills, or experience have become outmoded and earning capacity has become permanently diminished;

(e) The age, and the physical and emotional condition of the spouse seeking maintenance;

(f) The ability of the spouse from whom maintenance is sought to meet his needs

while meeting those of the spouse seeking maintenance; and

(g) The contribution of each party in the acquisition, preservation, depreciation, or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

Minn.Stat. § 518.552, subd. 2 (1984).

■ In this case, the trial court made extensive findings to support its award of maintenance. Trial courts have broad discretion in determining whether spousal maintenance should be awarded. *Dubois v. Dubois*, 335 N.W.2d 503 (Minn.1983). If the trial court's determination has a reasonable and acceptable basis in fact and principle, the appellate court must affirm the award of maintenance. *Dubois* at 507; *Bollenbach v. Bollenbach*, 285 Minn. 418, 426–27, 175 N.W.2d 148, 154 (1970).

■ Given the respondent's limited work history and appellant's high earning capacity, the award of spousal maintenance was entirely proper. Again, in support of this argument, appellant attempts to submit to this court evidence not submitted or received by the trial court. We will not consider that evidence.

3. Hospitalization.

Minn.Stat. § 518.551, subd. 8 provides: The court shall also include in the requirements for each child support order a provision naming the child as a beneficiary on whatever medical, hospitalization or dental insurance or plan is available to the obligor on a group basis through his or her employer or union.

Minn.Stat. § 518.551, subd. 8 (1984).

■ The trial court ordered appellant Robert to provide hospitalization, medical and dental insurance for the parties' minor children so long as he continues to have an obligation to provide child support for them. The court also ordered that Helen be responsible for all medical, hospital and dental expenses not covered by insurance. Although appellant is self-employed and does not have the benefit of a group insurance policy available to him through his

employment, the court found that "in view of the resources available to the parties, it would be equitable to direct [appellant] to assume responsibility for the health coverage." This order, requiring appellant to be responsible for the children's medical insurance coverage based on his greater ability to provide such coverage was completely proper under the statute.

4. Attorneys Fees and Costs.

Minn.Stat. § 518.14 governs awards of attorneys fees in marriage dissolution actions and provides:

In a proceeding brought either for dissolution or legal separation under chapter 518, the court, from time to time, after considering the financial resources of both parties, may require one party to pay a reasonable amount necessary to enable the other spouse to carry on or to contest the proceeding, and to pay attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement or after entry of judgment.

Minn.Stat. § 518.14 (1984).

■ An award of attorneys fees will not be disturbed by this court absent a clear abuse of discretion. *Kirby v. Kirby*, 348 N.W.2d 392 (Minn.Ct.App.1984). In this case, the trial court made extensive findings of fact on the financial status of the parties and awarded Helen $5,000 for attorneys fees and court costs. The award of attorney's fees was supported by the evidence, was in accordance with Minn. Stat. § 518.14, and was not an abuse of discretion.

5. Receiver's Fees.

■ Due to the parties' failure to effectively communicate with each other regarding the preservation of their real estate, a receiver was appointed for the commercial properties. The costs and fees of the receiver were ordered to be paid from the proceeds of the property after existing debts had been satisfied. At trial, the court found that additional receiver costs were due to appellant's threat to file bank-

ruptcy and ordered that appellant reimburse respondent for these fees.

The trial court made extensive findings to support this order and was well within its discretion in so ordering.

6. Division of Property.

In its findings of fact, the trial court found that the parties negotiated and entered into an agreement regarding the disposition of their real property. The court found that the stipulation was reasonable and just and the stipulation was incorporated into the conclusions of law.

 As we stated in *Tomscak v. Tomscak*, 352 N.W.2d 464 (Minn.Ct.App.1984), courts favor stipulations as a means of simplifying and expediting litigation. Courts may set aside stipulations for fraud, duress or mistake. *Tomscak* at 466. Here, there is no evidence or allegation of fraud, duress or mistake in entering into the stipulation. It was within the trial court's discretion to incorporate the stipulation.

 The division of the personal property was also well within the discretion of the trial court. The trial court made extensive findings on this issue and gave great consideration to the possessions of the parties and the children.

Even if this court might have made a different determination in the first instance, we will not reverse absent a clear abuse of discretion. *Servin v. Servin*, 345 N.W.2d 754 (Minn.1984). The court's determination in this case was well within its discretion.

7. Child Support Arrearages.

 In his argument, appellant appears to be seeking forgiveness of child support arrearages accrued before the judgment and decree was entered. Although arrearages were made an issue at several of the temporary hearings, appellant did not seek forgiveness at the trial level. To raise the issue for the first time at the appellate level is improper and we will not address the issue here.

**DECISION**

The determination of the trial court as to child support, property division, attorney's fees and receiver's fees were within the discretion of the court and are not disturbed on appeal.

Affirmed.