In re the Marriage of James L. DIEDRICH, Petitioner, Appellant,

v.

Mary Kathryn DIEDRICH, Respondent.

No. CX–88–430.

Court of Appeals of Minnesota.

June 21, 1988.

## OPINION

CRIPPEN, Judge.

This is an appeal from the trial court's order extending the term of spousal maintenance for respondent Mary Diedrich. The trial court granted respondent's motion based on a post-judgment agreement, and the obligor appeals. We affirm.

## FACTS

The marriage of James and Mary Diedrich was dissolved on January 15, 1981. Their six children were all adults. The judgment and decree provided that respondent would receive $700 per month maintenance. The decree further provided that her remarriage would trigger sale of the homestead which she occupied, and would terminate appellant's maintenance obligation.

On August 27, 1981, the parties signed a post-decree agreement in anticipation of respondent's remarriage. The agreement was contingent on respondent remarrying and provided that appellant would purchase the homestead pursuant to a negotiated purchase agreement; that if respondent divorced within five years, maintenance would be reinstated at $350; and that either party could move the court to amend the decree to conform to the agreement.

Respondent remarried, but was divorced within five years. Appellant also remarried. In October 1986, respondent moved to amend the original decree to conform to the post-decree agreement. In opposition, appellant alleged he did not remember signing the agreement and that at the time of signing, he had experienced blackouts due to alcoholism. At his deposition, appellant stated that he first became aware of the agreement a day or two after he signed it, when he examined the copy he received. Proceedings remain pending on appellant's responsive motion, contingent on the amendment proposed by respondent, to reduce maintenance based on a substantial change in circumstances.

Norman K. Gurstel, Minneapolis, for appellant.

Barbara F. Penn, St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and SCHUMACHER and MULALLY *, JJ.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

On January 28, 1988, the trial court found that the post-judgment agreement was valid and should be enforced. The court ordered that the original decree should be amended to reflect the terms of the post-decree agreement, reinstating maintenance at $350 per month. The court found that the agreement should be enforced because the parties entered into the agreement of their own free will, with representation by counsel, and there was no fraud or duress.

## ISSUES

1. Is there sufficient evidence to sustain the trial court's finding that the parties lawfully entered into a contract modifying a 1981 maintenance award?

2. Is the contract void as against public policy because it creates a benefit contingent on marriage dissolution?

3. Was the contract effective before judicial confirmation to establish trial court jurisdiction which otherwise would have terminated on respondent's remarriage?

## ANALYSIS

### 1. Validity

■ Findings of fact will not be disturbed on appeal unless clearly erroneous. Minn.R.Civ.P. 52.01. Appellant argues that the post-dissolution agreement is invalid because there was no consideration and he was incompetent at the time of execution.

■ Consideration is evident upon examination of the contract. In exchange for respondent's agreement to sell the homestead to appellant at a negotiated price, free of competition on the open market, appellant promised to reinstate maintenance in the event respondent became divorced again within 5 years. This exchange of mutual obligations supports the trial court's finding of adequate consideration, and we cannot say that finding is clearly erroneous. *See Cederstrand v. Lutheran Brotherhood*, 263 Minn. 520, 531, 117 N.W.2d 213, 220 (1962).

Regarding competency, appellant's only argument is that he suffered an alcoholic blackout at the time he executed the agreement. In his deposition, however, appellant states that he does recall reading a copy of the agreement a day or two after signing it in 1981. Appellant took no action to have the agreement declared invalid for over five years.

■ A contract is voidable but not automatically void if a party was too intoxicated to comprehend the terms of the agreement. *Matz v. Martinson*, 127 Minn. 262, 264, 149 N.W. 370, 370 (1914). In order to repudiate a contract entered while intoxicated, the party must act promptly:

> If, after becoming sober and comprehending its terms, he affirms it, it becomes valid and binding. If he elects to repudiate it, he must give notice thereof with reasonable promptness.

*Id.* Here, appellant asserts his attack on the agreement long after it was executed. In addition, he has accepted the benefit of the contract, the purchase of the homestead. The court did not err in finding the contract valid.

### 2. Public policy

■ Appellant argues that a post-judgment agreement which modifies spousal maintenance is against public policy when the reinstatement of maintenance is contingent on respondent's divorce. We agree that this contract has the distasteful appearance of rewarding divorce. On the other hand, this case involves the dissolution of a thirty year marriage, and strong public policy supports the 1981 permanent maintenance award. *See Nardini v. Nardini*, 414 N.W.2d 184, 195–99 (Minn.1987). The agreement of the parties to be cautious in tossing aside the 1981 maintenance award should be given great weight. In addition, deference should be given to an agreement which presumably reflects the best interests of each party; thus, predissolution agreements regarding maintenance are given great weight in deciding maintenance disputes. *See Ronay v. Ronay*, 369 N.W.2d 6, 12 (Minn.Ct.App.1985).

Given the conflicting public policies of giving great weight to the parties' agreements regarding permanent maintenance, balanced against the appearance of rewarding a dissolution, we cannot disregard the agreement of the parties.

### 3. Jurisdiction

■ Generally, if the maintenance obligation terminates under the terms of the original decree, and the trial court has not expressly reserved jurisdiction, the court is thereafter without jurisdiction to modify. *Eckert v. Eckert*, 299 Minn. 120, 123, 216 N.W.2d 837, 841 (1974). Appellant argues that the trial court lacked jurisdiction over maintenance because the award had already terminated under the original decree.

The contract here called for extending the term of the maintenance award and the corresponding term of the trial court's jurisdiction. In addition, the parties agreed that either could move the court for judgment amendments conforming to their agreement. Appellant's jurisdiction arguments fail if the agreement is honored for jurisdiction purposes even though not judicially confirmed before respondent remarried.

■ Because the best interests of the child are more important than the wishes of the parties, unconfirmed post-dissolution agreements to modify custody or support are not followed by the courts. *Tell v. Tell*, 383 N.W.2d 678, 682–83 (Minn.1986); *LeTendre v. LeTendre*, 388 N.W.2d 412, at 416 (Minn.App.1986). Support is a basic right of the child, and the best interests of the child are tantamount in deciding on placement of custody. *Tammen v. Tammen*, 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970). Thus, a waiver of child support by the custodial parent is against public policy. *Aumock v. Aumock*, 410 N.W.2d 420, 421 (Minn.Ct.App.1987).

■ In contrast to agreements regarding custody and support, property agreements take immediate effect. *See, e.g., Nelson v. Quade*, 413 N.W.2d 824, 828 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Dec. 22, 1987). Because the property awards are final and not subject to later judicial modification, post-decree agreements are essentially a debtor-creditor matter which do not require continuing family court jurisdiction as do matters of custody, support, and maintenance. *Id.*

■ Although the court has continuing jurisdiction while a maintenance award remains effective, and can otherwise reserve that jurisdiction, the subject otherwise resembles the division of property. No cases cited in *Quade* deal with maintenance. Maintenance awards singularly involve the interests of the two parties, and agreements extending the term of maintenance deal with rights in addition to those finally determined in the judgment. Moreover, the question here is limited, being exclusively as to the immediate affect of an agreement which expressly reserves court jurisdiction on the topic after remarriage.[1]

In addition to the preceding rationale for upholding an agreement extending jurisdiction over maintenance, such a contract has specific statutory authorization:

> *Unless otherwise agreed in writing* or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

Minn.Stat. § 518.64, subd. 3 (1986) (emphasis added). This provision does not suggest that the agreement is less valid because of a conflicting provision in the decree.

Thus, solely as to the question of preserved jurisdiction of the court, we agree with the trial court that the agreement here was legally effective before it was judicially confirmed.

---

1. Solely as to reservation of jurisdiction, we conclude the contract is effective before confirmed by the court. We do not determine here the immediate legal effect of an agreement of the parties on the amount or duration of maintenance, made either before or after the expiration of an award, other than for purposes of continued court jurisdiction. Appellant has not contended here that the trial court erred by reinstatement effective beginning in the month following dissolution of respondent's marriage.

■ In addition to our analysis of applicable maintenance law, we conclude that the same result is compelled by equitable concepts. Appellant should be estopped from raising a question as to jurisdiction after entering into a valid agreement on that subject and abiding by it for five years. *See Rosenberg v. Townsend, Rosenberg & Young, Inc.,* 376 N.W.2d 434, 437 (Minn.Ct.App.1985); *see also DeLa Rosa v. DeLa Rosa,* 309 N.W.2d 755, 758 (Minn.1981) (trial court has equitable powers in a dissolution proceeding to grant equitable relief required by the ends of justice); *Plante v. Plante,* 358 N.W.2d 729, 731 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Feb. 27, 1985) (maintenance jurisdiction continues after expiration of term of maintenance where court proceedings are pending and the court "could have" specifically reserved continuing jurisdiction).

Appellant also challenges the trial court's amendment of the judgment without the specific finding that the amendment was further justified by a substantial change in circumstances. *See* Minn.Stat. § 518.64, subd. 2. This contention is beyond the scope of our review. Before the trial court, appellant opposed the amendment exclusively on the theory that the agreement was invalid. Appellant made no demand that the trial court inquire whether a change in circumstances compelled the same result as the agreement. Appellant has pending before the trial court a motion for downward modification of maintenance (if reinstated), and before the trial court appellant limited references on the parties' circumstances to that motion.

### DECISION

The trial court's findings and conclusions are supported by the record and the law of the case.

Affirmed.